BROWN *v.* PEOPLES BANK OF SEARCY.

Opinion delivered April 1, 1918.

LIENS—LANDS UPON WHICH DEBTOR HOLDS MORTGAGE—JUDGMENTS.—A judgment creditor may impound the proceeds of a sale of foreclosure brought at the instance of, and owned by the creditor.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Emmet. Vaughan,* for appellants.

1. It was error to consolidate the two actions. The bank had no right to intervene. Mrs. Brown was not

a party; she was only a purchaser. 8 Cyc. 591; *Ib.* 594; 65 Ark. 216.

2. The motion to strike the exceptions should have been granted. The bank could not intervene. 97 Ark. 480; 119 *Id.* 238.

3. The receipt from Brown for the purchase money should have been accepted and the sale confirmed without a lien on the land.

*Brundidge & Neely,* for appellee.

The bank had a right to intervene. The receipt could not be accepted on the bid. By filing a demurrer appellants admitted the allegations of the complaint. The receipt was executed to defraud the bank. The decree is right.

SMITH, J.   Prior to the institution of this suit, the Peoples Bank obtained a judgment against H. L. Brown for the sum of $4,500.00, in the White circuit court. In a different proceeding in the chancery court, Brown had foreclosed a mortgage held by him upon certain lands belonging to J. S. Yarnell. The lands were sold by the commissioner appointed for that purpose, and C. B. Brown, wife of H. L. Brown, through her attorney, bid the lands in for the sum of $600.00 and received a certificate of purchase. The commissioner reported the sale to the succeeding term of the court and exceptions thereto were filed by the Peoples Bank. A return had been made upon the execution, which the bank sued out on its judgment against Brown, that sufficient goods had not been found to satisfy the same. The proceeding from which this appeal has been prosecuted was styled as follows: "Peoples Bank of Searcy, plaintiff, v. J. S. Yarnell, defendant, H. L. Brown and Mrs. C. B. Brown and Raymond Jones, commissioner, garnishee." The pleading filed was designated "Petition for Garnishment," and in addition to the facts already stated, recited that the alleged sale to Mrs. Brown was fictitious and fraudulent and that the purchase had been made for Brown's benefit but in his wife's name. In payment of

the amount of her bid, Mrs. Brown tendered a receipt from her husband, and the petition alleged that no consideration had been paid and none existed for the receipt, and that the same was a subterfuge to defeat the bank in the collection of its past due debt. A demurrer was filed and overruled to this petition and Brown and his wife stood on their demurrer.

This case, over the objection of Brown and his wife, was consolidated with the foreclosure proceeding and upon the final hearing the court decreed as follows: That the commissioner be directed not to receive the receipt tendered to him by Mrs. Brown in payment of her bid for the lands, and the clerk of the court was "directed to issue execution against the bondsmen in this suit, if the same be not paid upon demand and a lien is retained upon the lands for the purchase price; that said sale be, and it is, hereby in all things approved and the commissioner is ordered to execute to the purchaser, Mrs. C. B. Brown, a deed therefor." In other words, Mrs. Brown was given the benefit of her purchase and the same was confirmed and a deed ordered made. The land thereby becomes her property and she takes title thereto subject to the lien which was declared in favor of the bank for the amount of her bid.

By whatever name the pleading may be called by which this proceeding was begun, its purpose was to impound the proceeds of a decree of foreclosure in favor of H. L. Brown, in order that the same might be applied in satisfaction of a judgment against him. The demurrer admits the truth of its allegations, and its recitals are, as stated, that an insolvent debtor had resorted to this subterfuge for the purpose of placing his property beyond the reach of his creditors. Under this state of the record, the court's order was a proper one and its decree is affirmed.