WESTBROOK GRAIN & MILLING COMPANY *v.* JOHNSON.

Opinion delivered May 13, 1918.

1  EVIDENCE—BREACH OF CONTRACT TO DELIVER HAY—ORAL TESTIMONY OF VALUE OF THE HAY.—A. agreed to deliver 140 tons of hay to B., at $10 per ton. He delivered 64 tons and B. sued A. for damages on the ground that he was required to purchase the hay elsewhere for $16 per ton. *Held,* oral testimony by A. was admissible, showing that the hay, at the time he broke his contract, was not worth $10 per ton, on the market of the place of delivery and of other cities.

2.  CONTRACTS—BREACH—MEASURE OF DAMAGES.—Damages for breach of a contract to deliver hay are the difference in the contract price of the hay and its fair market value at the place of delivery at the time that the seller broke the contract. The market value of a commodity is the price at which it ordinarily and customarily sold for on the market.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*William Kirten,* for appellant.

1.  The contract is simple and easily understood. Appellee admits his breach. It was error to admit testimony as to the value of such hay at other places than Pine Bluff. The market value was shown to be $16. The damages were the difference between the contract price and the market price. 124 Ark. 148; 79 *Id.* 339; 88 *Id.* 557.

2.  The verdict for nominal damages should be set aside, as the evidence justified an award of substantial damages.  103 Ark. 370; 102 *Id.* 137.

3.  The defense set up by appellee was not a valid one and the court erred in its instructions.

*J. R. Parker,* for appellee.

The only issue under the proof is, what was the hay worth when the contract was breached?

The evidence is conflicting. No damages were proven. There is no error in the instructions. There was only a question of fact and the jury's finding is conclusive. 95 Ark. 172; 89 *Id.* 321.

WOOD, J.   On February 16, 1917, Walter L. Johnson sold to the Westbrook Grain & Milling Co., of Pine Bluff, 140 tons of sample grade hay at $10 per ton, to be delivered at Pine Bluff, and to be shipped as fast as possible. Johnson delivered 64 tons of hay on the contract and failed to deliver the remaining 76 tons. The Westbrook Grain & Milling Co. (hereafter designated as appellant) brought this action against Johnson (hereafter designated appellee) and had a writ of garnishment issued against W. H. Sherrick. Appellant alleged that the hay was worth $16 per ton in Pine Bluff at the time appellee broke his contract, which the testimony showed was on the 28th day of April, 1917.

The garnishee answered admitting debt to Johnson in the sum of $456.

Appellee answered admitting the contract and that he had failed to deliver 76 tons of hay, but denied that the appellant was compelled to pay $16 per ton, and denied that the hay which appellee contracted to deliver to appellant was worth $16 per ton at Pine Bluff at the time of appellee's failure to perform his contract. He stated that the hay that he contracted to deliver to appellant was very poor grade and that he sold the balance of the hay in Greenville, Miss., at $8 per ton. He denied that appellant was damaged in the sum of $6 per ton or in any sum.

Howell Westbrook testified that he owned the Westbrook Grain & Milling Co.; that he was forced to go into the open market at Pine Bluff and buy 76 tons of the same kind of hay that appellee had contracted to deliver; and that he paid therefor the sum of $16 per ton.

Appellant was therefore damaged, by the failure of the appellee to perform his contract, in the sum of $456.

Appellee testified over the objection of the appellant that hay of the kind he contracted to deliver to appellant was of such poor grade that he could not find a buyer for such hay in Greenville at any price. He went to Vicksburg and sold the hay at $8 per ton about the 28th of April. The freight on the hay to Vicksburg was $2 per ton so the price on the hay the latter part of April was $10 per ton in Vicksburg. He testified that he was unable to perform his contract because he could not get the hay to the shipping point for Pine Bluff on account of the bad roads. The hay was such poor grade that it had no real commercial grade in the market; that he took a bale to Pine Bluff and showed it to Mr. Westbrook and took also a bale to Greenville and Vicksburg, Miss., that was the only way that he could show the buyer or explain to the buyer the kind of hay he had for sale. The hay was not worth over $10 per ton in Pine Bluff, Ark., Greenville and Vicksburg, Miss., during the months of February, March and April.

The court instructed the jury that the only issue for them to determine under the pleadings and evidence was what was the difference, if any, between the contract price of hay at $10 per ton and its fair market value in Pine Bluff at the time that appellee broke his contract in the latter part of April. The court further instructed the jury that the market value was the price which the product ordinarily and customarily sold for on the market; that the testimony of the market value at other points than Pine Bluff was only to be considered by the jury in aiding them to determine what the market value of the hay was in the city of Pine Bluff at the time that appellee breached his contract. That the burden was on the appellant to show the difference between the contract price and the market price; in other words, the burden was on the appellant to show that he was damaged, and that if the jury found that the appellant was not damaged

they were to return a verdict for appellant in a nominal sum in order to carry the costs.

The jury returned a verdict in favor of the appellant and assessed the damages at $1.00. From a judgment in favor of appellant for that sum it duly prosecutes this appeal.

The jury was correctly instructed and there was no prejudicial error in permitting the appellee to testify that hay of the kind called for by his contract with appellant on the 28th of April, 1917, was not worth over $10 per ton on the market in the cities of Pine Bluff, Ark., and Greenville and Vicksburg, Miss. This testimony was competent and tended to prove that the hay at the time appellant breached his contract did not have a market value exceeding $10 per ton in the city of Pine Bluff. Appellee having testified that the hay was not worth more than $10 per ton in the city of Pine Bluff his testimony that the hay at the same time was not worth exceeding that price on the market in the cities of Greenville and Vicksburg, Miss., could not have been prejudicial to the appellant.

It occurs to us that a decided preponderance of the evidence was against the verdict of the jury, but it was strictly within its province to settle the conflict in the evidence. *Brown* v. *People's Bank of Searcy*, 133 Ark. 178; *Poe* v. *State*, 95 Ark. 172; *Scott* v. *Moore*, 89 Ark. 321. There was sufficient competent evidence to sustain the verdict.

The judgment is, therefore, affirmed.