## Chitwood vs. The State.

If the defendant, in preparing his bill of exceptions on the trial of an indictment for a criminal offence, state that the venue was proved as alleged, instead of stating what the witness testified as to the place where the offence was committed, he must abide by the concession.

Where the verdict is not without evidence to support it and the Court below refuses to grant a new trial, this Court will not disturb the verdict.

*Appeal from the Circuit Court of Johnson county.*

The Hon. Felix J. Batson, Circuit Judge.

Mr. Chief Justice English delivered the opinion of the Court.

Russell B. Chitwood was indicted in the Johnson Circuit Court for an assault and battery upon John Armstrong; tried by a jury upon the general issue; verdict of guilty, and fined $10. He moved for a new trial on the grounds that the verdict was contrary to law and evidence; the Court overruled the motion, and he excepted and appealed.

The bill of exceptions taken by the appellant is as follows:

" Be it remembered that on the trial of this cause, the State, to sustain the issue on her part, introduced John Armstrong, the party charged to have been assaulted, etc., who, being sworn, by his testimony *established* the *time, venue* and *manner* of the parties as charged; and who testified that he, in company with another person, had gone to a school house, where the defendant was, in search of a man named Reagan. That he had his gun with him when he went into the house, where the defendant and others were engaged in singing. That, when they stopped singing, he spoke to defendant and told him he had understood that defendant had threatened to whip his brother, and that if he should attempt to do it, he would have some

older person to whip first, he, the witness, at the time holding his gun in his hand. Defendant replied by telling him to leave the house, and then rose to his feet. Witness refused to leave until he got ready, when the defendant *caught the gun in one hand and with the other pushed witness back, and they both fell together* over a bench, and were separated by the persons present. That witness made no attempt to inflict any injury on the person of said defendant before the defendant caught the gun. Witness did not recollect whether he pointed or drew the gun upon defendant or not. That if he presented the gun before defendant caught it, it was unintentionally done.

"The State then called two other witnesses, who testified that they were present at said difficulty. That defendant, themselves and others were present at said school house engaged in singing when said Armstrong came there. That Armstrong came into the house, and set his gun down by the door, and walked back and forth across the floor until the singing ceased, when he stepped to his gun, picked it up, walked up in front of the defendant and accosted him as stated by said Armstrong. That defendant then told Armstrong to leave the house, and rose to his feet. Whereupon Armstrong threw his gun over in the position of a present; when defendant seized the gun in one hand, and with the other pushed Armstrong back, when they both fell over a bench, and were parted by the by-standers. That defendant made no attempt to strike or use violence upon Armstrong, until after he had drawn his gun as above stated. This was all the testimony in the cause," etc.

The refusal of the Court below to grant a new trial is the only matter assigned for error.

The counsel for appellant insists that the venue was not proven. But the bill of exceptions expressly states that the State established the venue, etc., as charged, by the witness Armstrong. The counsel, however, submits that the bill of exceptions states a legal conclusion instead of the facts sworn to by the witness. If there be any force in this objection, it comes badly from the appellant. It is the usual practice for the party

who reserves a point, to prepare and tender the bill of exceptions for the signature of the Judge, who signs it, if it contains a correct statement of the facts, etc.   It appears from the face of the bill of exceptions in this case, that it was prepared and tendered to the Judge by the appellant.   If he thought proper to make it state that the *venue* was proven as charged, instead of stating what the witness testified as to the place where the offence was committed, it was a concession in favor of the State which he must abide by.·

It is, moreover, insisted by the counsel for appellant, that the verdict was not warranted by the evidence  as to the assault and battery, etc.

If the jury believed the witness Armstrong, their verdict was not without evidence to sustain it.   They might have found, upon the testimony of the other two  witnesses, that appellant acted in self defence.   It was clearly a case  turning upon the weight of the evidence, and it was  their peculiar  province to judge of this.   They having found the  defendant guilty, upon all the  testimony  before  them, and  the presiding  Judge, who likewise  heard  the  evidence, having  refused  to  grant a new trial, we shall not disturb the verdict.

The judgment is affirmed.


Absent, Hon. THOMAS B. HANLY.