## POE *v.* STATE.

### Opinion delivered May 9, 1910.

1. APPEAL AND ERROR—CONCLUSIVENESS OF JURY'S FINDINGS.—A jury's findings of fact are conclusive on appeal if sustained by sufficient evidence. (Page 175.)

2. RAPE—SUFFICIENCY OF PENETRATION.—Under Kirby's Digest, § 2006, providing that "proof of actual penetration into the body shall be sufficient to sustain an indictment for rape," the carnal knowledge that is necessary to constitute rape does not require penetration for any particular depth. (Page 175.)

3. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS.—Where an absent witness in a felony case is dead, beyond the jurisdiction of the court, or upon diligent inquiry cannot be found, what such witness had previously testified upon the examining trial of the defendant may be proved at the trial of the case, provided the defendant was present at the examining trial, and had the opportunity of cross examination. (Page 176.)

4. SAME—SUFFICIENCY OF PROOF OF FORMER TESTIMONY.—The former testimony of an absent witness, taken at an examining trial, may be

proved by any one who was present and can remember the testimoney, and it need not have been reduced to writing and signed by the witness. (Page 177.)

5. SAME—FORMER TESTIMONY.—To render the former testimony of an absent witness, given at an examining trial, competent in a felony case, it is not necessary that the defendant should have been represented by counsel at the examining trial. (Page 177.)

6. SAME—FORMER TESTIMONY OF ABSENT WITNESS.—Proof that an absent witness was a witness at the examining trial and gave testimony therein justifies the inference that such witness was duly sworn as such. (Page 177.)

7. TRIAL—IMPROPER ARGUMENT.—It was not error to permit the prosecuting attorney, in a prosecution for rape, to state, in his argument to the jury, that "the defendant had been proved guilty beyond a question, and ought to be hanged for the protection of women and girls and for the good of the public." (Page 177.)

8. SAME—IMPROPER ARGUMENT.—A misstatement of the testimony by the prosecuting attorney in a criminal case will not be ground for new trial where the jury could not have been misled thereby. (Page 178.)

Error to Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*Appellant, pro se.*

Where the verdict is so clearly against the weight of the evidence as to shock the sense of justice of a reasonable person, a new trial will be granted. 70 Ark. 385; 21 Ark. 468; 65 Ark. 278; 24 Ark. 224; 13 Ark. 70; 8 Ark. 155; 10 Ark. 309; 2 Ark. 360; 5 Ark. 407; 6 Ark. 86; 10 Ark. 138; 28 Ark. 309; 39 Ark. 491; 34 Ark. 640; 57 Ark. 468. If improper statements made by counsel in their argument are not corrected by the court, a new trial will be granted. 77 Ark. 73; 119 Ia. 671.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

An infant under twelve years of age cannot consent to sexual intercourse. 50 Ark. 336. An attorney has the right to express his opinion as to the weight of the evidence. 76 Ark. 39; *Id.* 276; 67 Ark. 365; 77 Ark. 62; *Id.* 64. The record must show that objection was made to an erroneous ruling of the trial court. 72 Ark. 238. The testimony of the official stenographer that he was at the examining trial and took down the testimony and afterwards transcribed it on the typewriter was properly admitted. 40 Ark. 454; 47 Ark. 180; 60 Ark.

400; 68 Ark. 353; 58 Ark. 353; 76 Ark. 515; 83 Ark. 272; 90 Ark. 515. The manner and extent of the examination of witnesses. rests in the discretion of the trial court. 75 Ark. 142; 66 Ark. 545; 63 Ark. 108; 75 Ark. 548.

FRAUENTHAL, J. The defendant, Harry Poe, was indicted by the grand jury of Garland County, charged with the crime of rape; and upon his trial he was convicted by a petit jury of that crime. He has appealed to this court to obtain a reversal of the judgment of conviction. He urges that there was not sufficient evidence to warrant the finding that he was the person who committed the act or that the deed of rape was accomplished. The testimony on behalf of the State established the following facts: Lena Adams, the female who was assaulted, was a little white girl ten years of age. She lived in the southern suburbs of the city of Hot Springs, and was attending school at what is known as Oaklawn School, which was situated about one-half mile from her home. Between her home and the school there was a stretch of woodland which she passed through in going to and from the school. About a week prior to the day upon which the assault is alleged to have been committed the defendant, who is a negro boy 17 years old, met her on the way, and spoke to her, and asked her if she did not want some red thread. She told him that her grandmother had thread, and she wanted none from him. On January 25, 1910, the defendant again met her, and near the strip of woods where no one lived and where the place was deserted. It was about 4 o'clock of the afternoon of that day, and the little girl was going to her home from the school. He told her that he had a rooster in the woods he would show her, and quickly grasped her around the waist, and as she began to scream threatened to cut her throat. He carried her into the woods, and there forcibly and against her will made the assault upon her. As he was rising from the ground two white women, Emma Grinstead and Ella Karinger, who were returning to their home from the city, passed through the timber and near enough to him so that they saw him and could identify him. The defendant fled from the place. One of these women had seen the defendant before that day; and at the examining trial which was held on the 31st day of January, 1910, both of them testified that they could and did identify

the defendant as the party who had made the assault upon the girl. The defendant was arrested a few days after the alleged assault, and was taken before the girl. Prior to that the girl had described the clothes he wore and his general appearance. Four or five negro boys had been shown to her for identification, and she claimed that none of them was the assailant. But she immediately identified the defendant as the person who had assaulted her, when he was brought before her. A short time after the assault a physician examined the girl, and found that she was infected with a venereal disease as a result of the assault; and the testimony further proved that the defendant had been and was on the day of the assault infected with this loathsome disease.

The defendant introduced a number of witnesses who testified that he lived about one mile from the home of the girl, and that he was at his home on January 25, 1910, and at the time the assault is alleged to have been made. But the jury were the exclusive judges of the credibility of these witnesses. It was peculiarly the province of the jury to determine the questions of fact involved in this case; and if their finding of the facts is sustained by sufficient evidence, then, according to the repeated decisions of this court, that finding is conclusive. *Hubbard* v. *State,* 10 Ark. 378; *Floyd* v. *State,* 12 Ark. 43; *Chitwood* v. *State,* 18 Ark. 453; *Dixon* v. *State,* 22 Ark. 213; *Harris* v. *State,* 31 Ark. 196; *McCoy* v. *State,* 46 Ark. 141; *Holt* v. *State,* 47 Ark. 196; *Williams* v. *State,* 50 Ark. 511; *Ferguson* v. *State,* 92 Ark. 120. We are of the opinion that there was sufficient evidence adduced upon the trial of this case to warrant the jury in finding that the defendant was the party who committed the assault. The little girl had seen the defendant upon two different occasions, and she had ample opportunity to observe him on each occasion, and she had sufficient intelligence to know him, and to recognize him afterwards. This she did; and she testified without any equivocation that he was her assailant. The two women had ample opportunity to see the defendant just after the assault and to observe him sufficiently to know him. They unhesitatingly identified the defendant as the girl's assailant. This testimony, together with the other circumstances proved in the case, is, we think, sufficient

to sustain the verdict of the jury upon this question of fact. And we are also of the opinion that there was sufficient testimony to sustain the finding of the jury that the deed of rape was accomplished. "The carnal knowledge that is required to constitute rape must be a *res in re*, but to no particular depth," and the hymen need not be ruptured nor the body torn. Under our statute (Kirby's Digest, § 2006) "proof of actual penetration into the body shall be sufficient to sustain an indictment for rape." In the case of *Reg.* v. *Lines*, 1 Car. & K. 393, Parke, B., said: "I shall leave it to the jury to say whether at any time any part of the virile member of the prisoner was within the labia of the pudendum of the prosecutrix; for, if it was, no matter how little, that will be sufficient to constitute penetration." 2 Bishop, Crim. Law, § 1132; 33 Cyc. 1422; *Morris* v. *State*, 54 Ga. 440; *State* v. *Hargrave*, 65 N. C. 466; *People* v. *Crowley*, 102 N. Y. 234.

The testimony of the girl who was assaulted and of the physician who examined her was sufficient to establish the fact that there was penetration into the body, and that there had been an entrance made through the labia and to the hymen.

Upon the trial of this case in the circuit court, the court permitted R. B. Cotham, the court stenographer, to testify, over defendant's objection, to the evidence that was given by the two women, Emma Grinstead and Ella Kariger, at the examining trial of the defendant before a justice of the peace. At the examining trial the witness, Cotham, was present and heard the testimony there given by these two women, and as court stenographer took stenographic notes of their evidence and afterwards transcribed the same. Upon the trial in the circuit court he testified that this evidence was given by these two witnesses at the examining trial; there was no written statement thereof signed by them. The defendant was present at the examining trial, but without counsel. He was given the opportunity to cross examine these two witnesses, and did propound to one of them some questions. It was shown by testimony which the trial court found sufficient, and which we find to be sufficient, that these two witnesses were beyond the jurisdiction of the court at the time of the trial of the case in the circuit court. It was competent to prove what these two witnesses testified upon the examining trial. "The settled law

of this State is that where the adverse witness is dead, beyond the jurisdiction of the court, or upon diligent inquiry cannot be found, what such witness testified on a former occasion on the same issue and between the same parties may be given in evidence, provided the accused was present, having the right of cross examination." *Vaughan* v. *State,* 58 Ark. 353; *Hurley* v. *State,* 29 Ark. 17; *Shackleford* v. *State,* 33 Ark. 539; *Dolan* v. *State,* 40 Ark. 454; *Sneed* v. *State,* 47 Ark. 180; *McNamara* v. *State,* 60 Ark. 400; *Wilkins* v. *State,* 68 Ark. 441; *Wimberly* v. *State,* 90 Ark. 515. It is not necessary that the testimony given by such witness shall be reduced to writing and signed by the witness, before evidence of such testimony is admissible. The statute of this State does not require that in examining trials the testimony of the witness shall be reduced to writing and signed by him. The statute only provides that the magistrate in such trial shall state the name and place of residence of the witness and make a general statement of the substance of what was proved. Kirby's Digest, § 2148. The testimony of the absent witness can be proved by any one who heard him testify and can remember the testimony. *Petty* v. *State,* 76 Ark. 515; *Shackleford* v. *State, supra; McNamara* v: *State, supra.*

Nor was it necessary, in order to render this testimony competent, that the defendant should have been represented by counsel at the examining trial. *Butler* v. *State,* 83 Ark. 272. And it sufficiently appears from the evidence that these two women were sworn as witnesses in the examining trial. The witness Cotham testified that they were witnesses in said trial and gave their testimony therein. A "witness" is one who has been sworn according to law and deposes as to his knowledge of the facts in issue upon the trial of a case; and "testimony" means the statement made by the witness under oath in a legal proceeding. Web. Dict.; 1 Bouv. Law Dict. 658. We are therefore of the opinion that the court did not err in permitting the introduction in evidence of what the absent witnesses testified in the examining trial.

It is urged that the State's attorney made improper remarks in his argument to the jury. The remarks complained of are that the attorney said that "the defendant had by the evidence been proved guilty beyond a question and ought to be hanged for the protection of women and girls and for the good of the

public." He also said that Lena Adams had been corroborated by the testimony of the two women in a statement made by her that the defendant had a dog with him on the occasion of the assault. We do not think that any error was committed which was prejudicial to the rights of the defendant by these remarks of the attorney for the State. All prosecutions are made for the good of the public as well for the punishment of the guilty; and the statement of the attorney as to the effect of the testimony was but an expression of his opinion relative. thereto which it was not error for him to make. *Puckett* v. *State,* 71 Ark. 62; *Reese* v. *State,* 76 Ark. 39; *Maxey* v. *State,* 76 Ark. 276; *Miller* v. *Nuckolls,* 77 Ark. 64.

The statement of the attorney that the two women had in their testimony made any reference to a dog accompanying defendant at the time of the alleged assault was erroneous as a matter of fact; but it was made only as a result of a deficiency in memory as to what these witnesses actually testified. The jury heard their evidence, and could not have been misled by any misstatement thereof.

The attorney for the defendant has not urged in this court that any error was committed by the lower court in any of its rulings upon the instructions. We have examined these instructions, and we are of the opinion that they fully and properly presented to the jury the law that was applicable to every phase of the case.

We have carefully examined each step that was taken in this case, and we are of opinion that the defendant has had a full and fair trial. A jury has declared upon that trial that he is guilty of the crime with which he is charged, and we find that the evidence is sufficient to sustain that verdict of the jury.

The judgment is accordingly affirmed.