## CAULEY v. STATE.

### Opinion delivered January 22, 1923.

1. CRIMINAL LAW—CONCLUSIVENESS OF VERDICT.—The jury's verdict on conflicting evidence, is conclusive.

2. RAPE—SUFFICIENCY OF EVIDENCE.—In a prosecution for rape, evidence *held* sufficient to sustain the conviction.

3. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—In a prosecution of a negro for rape on a negress, the prosecuting attorney's argument that defendant should be convicted, if guilty, in order to protect the white women of the State from such assaults, was not prejudicial, being a mere expression of his opinion as to the consequence of a failure to enforce the law.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Emmet Vaughan,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was convicted of rape and given a life sentence in the penitentiary, and has assigned two errors for the reversal of that judgment. The

first is that the testimony did not warrant the verdict; the second that the conviction resulted from the inflammatory and improper argument of the prosecuting attorney.

As to the first assignment of error, it may be said that Sallie Burton testified as follows: Witness is a colored woman, nineteen years old, married, and the mother of two children, one a year old, the other three. She lived with her brother, but on the day she was assaulted she was at home alone with her two children, when appellant came to her house and made her a proposition to have sexual intercourse. She refused; he persisted, and said he would take it anyway. She threatened him with arrest, and started to run, when he caught her, dragged her into the house, threw her down on the floor and accomplished his purpose. She did not cry out, because he told her he would kill her if she did. When he had done, he jumped up and ran around the rear of the house, down to the bay, where he leaped into a boat and crossed over. As soon as witness was released, she secured a gun which was in the house and pursued appellant, but he escaped. The following day she had him arrested.

Appellant admitted the act of intercourse, but testified that he promised Sallie a dollar, and she consented; that he did not pay her because he did not have the money at that time, and she became angry and abusive and threatened to kill him, and when she attempted to execute the threat by getting the gun he ran away, and she pursued, but he soon outdistanced her.

The verdict of the jury is, of course, conclusive of this conflict in the testimony; and the testimony of the woman is sufficient to support the conviction.

On the exception to the alleged erroneous argument of the prosecuting attorney the record contains the following recital:

"Because the court erred in overruling defendant's objection to the argument of the prosecuting attorney

in his argument to the jury 'that, if guilty, the defend-
ant should be convicted in order to protect the white
women of the State from such assaults, and that if he
was turned loose our wives and sisters and daughters
would be in danger of such assaults by the defendant',
to which statement in the argument the defendant at the
time excepted and asked the court to admonish the jury
not to consider that part of the argument; and because
the court permitted the prosecuting attorney to continue
the argument of the case in the same prejudicial strain
throughout, and, the court having refused the request of
the defendant and permitted the prosecuting attorney
to so continue his argument, the defendant saved his
proper exceptions and asked that his exceptions be
noted of record, which was accordingly done.''

It is insisted that this statement was an appeal to
race prejudice, and that the judgment should be reversed
on that account. But the majority of the court do not
think so. In their opinion it was a perfervid appeal to
the jury to convict the defendant if he was found guilty,
but that no appeal was made to the jury to convict the
defendant unless he was found guilty, and the plea to
convict him if found guilty was not improper. There was
no statement to the jury of any fact not in evidence, and
the argument amounted to no more than the expression
of the opinion that if convictions of colored men were
not returned by juries when assaults were committed
upon females of the colored race, those assailants would
be encouraged to make victims of females of the white
race, and the argument was therefore the mere expres-
sion of opinion as to the consequence of a failure to en-
force the law, and resulted in no prejudice to the de-
fendant. *Poe* v. *State,* 95 Ark. 172; *Cravens* v. *State,*
95 Ark. 321; *Blackshare* v. *State,* 94 Ark. 548.

In the opinion of Justice Wood and the writer the
argument was an appeal to race prejudice, and the judg-
ment should therefore be reversed.

It being the opinion of the majority that no error
was committed, the judgment is affirmed.