HUDSPETH v. STATE.

Crim. 4053

Opinion delivered October 4, 1937.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

SMITH, J.  Appellant was convicted upon the charge of sodomy, alleged to have been committed by having carnal intercourse with a certain beast, to-wit, a cow.

The conviction occurred at a second trial at the same term of court, and the action of the court in ordering this second trial at the same term is assigned as error. No prejudice is shown by this action of the court.  It was expressly authorized by § 3194, Crawford & Moses' Digest, which provides that "In all cases where a jury is discharged, either in the progress of a trial or after the cause is submitted to them, the cause may again be tried at the same or another term of the court."

It is urged that the testimony is insufficient to sustain the conviction, the specific contention being that the testimony failed to prove penetration.  Proof of this fact is required to sustain a conviction.  Section 2745, Crawford & Moses' Digest.  But this is a fact which may be proved by circumstantial evidence, provided the inferences to be deduced from the circumstances proved leave no reasonable doubt upon the subject.  *State* v. *Gage,* 139 Ia. 401, 116 N. W. 596.

The disgusting testimony may be briefly summarized as follows.  A boy reported to a patrolman that something was going on at Gann's barn.  This officer, accompanied by another officer and the boy, went to the barn.  When they arrived there they heard someone say, "Saw, saw, God damn you, saw."  Someone was standing behind a cow.  There was a tub turned upside down behind the cow.  The cow was chained to a brace in the barn so tightly that there was no play in the chain.  A light was flashed, whereupon the man standing behind the cow ran.  He ran into a fence and was knocked down by the impact.  His pants were unbuttoned, and there

was wet cow dung all over his clothes and the hairs around his private parts. This man was appellant.

This testimony clearly supports the finding that appellant was in the act of having carnal knowledge of a cow, and had so far accomplished his purpose as to effect penetration.

The judgment must, therefore, be affirmed, and it is so ordered.