CHARLES EDGAR LEASURE *v.* STATE OF ARKANSAS

5673                                         475 S.W. 2d 535

Opinion delivered January 31, 1972

*Thomas C. Pitts,* for appellant.

*Ray Thornton,* Attorney General; *Henry Ginger,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of the crime of rape consisting of sexual intercourse with a female under the age of 11 years. The case was tried before the circuit judge without a jury by agreement of the parties. Appellant contends that the judgment was based upon findings of the circuit judge contrary to the law and the evidence. He argues that the judgment is vulnerable to this attack because there was not sufficient evidence to support the court's findings that appellant was legally sane and responsible for his acts and that his confession was admissible in evidence. Appellant contends that there was no evidence to show that a rape

was actually committed, in the absence of his confession, which he says was involuntary, solely on the basis of his mental condition at the time. We find the evidence sufficient to support the finding of guilt.

Dr. Robert L. Sherman testified that he examined the alleged victim, then seven years of age, on October 15, 1970. He found a lacerated, but healing, hymenal ring with evidence of trauma. He said that the child was not virginal and that the vagina had been dilated either by a penis or some instrument. It was his opinion that the entry into the vagina had been within the preceding two weeks. Appellant's confession disclosed attempted sexual relations with her on October 2, 1970, discontinued when she screamed, and an actual penetration on October 12. The testimony of the doctor was substantial evidence that a seven-year-old girl had been raped. Appellant's confession connects him with the crime. No further evidence is necessary to constitute substantial evidence in support of the jury verdict, unless the confession was inadmissible or unless appellant must be said to be insane as a matter of law. *Mosley* v. *State,* 246 Ark. 358, 438 S. W. 2d 311; *Bivens* v. *State,* 242 Ark. 362, 413 S. W. 2d 653. If the testimony on this subject may be said to be conflicting, then the question is one of fact to be determined by the trier of facts. *Campbell* v. *State,* 216 Ark. 878, 228 S. W. 2d 470.

About 30 days after the offense was alleged to have occurred, appellant was committed to the Arkansas State Hospital for mental examination. The report of this examination was introduced in evidence without objection. Appellant was also examined by Dr. Joe H. Dorzab of Fort Smith and Dr. Stephen B. Finch of Fayetteville. The reports of these physicians were also received in evidence without objection.

We find substantial evidence that appellant was sane at the time of the alleged offense and at the time his confession was given. The report of the state hospital staff made on the 22nd day of December, 1970, expresses the opinion that appellant was not mentally ill to the degree of irresponsibility, either at the time

of the alleged crime or at the time of the report. They found no intellectual deficit which would cast doubt upon his competency or self-responsibility, and no evidence of thought disorganization, affective illness, mental deficiency or organic brain syndrome. They specifically found that appellant knew right from wrong and had the ability to adhere to the right. They did find his responses to tests typical of an alcoholic or other personality disorder characterized by emotional instability, immaturity and feelings of inadequacy. They also found that his memory was good except for blackouts attributable to excessively heavy drinking.

Dr. Finch's report indicated a finding that appellant had inadequate personality, a chronic brain syndrome secondary to use of alcohol and drugs, and severe psychoneurotic or psychotic depressive reaction, with possible suicidal tendencies. He recommended intensive care in an inpatient institution for depression and withholding of alcohol and drugs. Dr. Dorzab found appellant seriously depressed with suicidal thought but without evidence of psychosis. He considered appellant to be of average intellect, but expressed the opinion that he might be suffering from a primary affective disorder with secondary alcoholism and drug abuse. He also found evidence of personality disorganization with underlying paranoid schizophrenia. His diagnosis included possible chronic brain syndrome, secondary to use of alcohol and drugs, and severe psychoneurotic or psychotic depressive reaction. He recommended intensive care in an inpatient institution and the withholding of alcohol and drugs.

It appears to us that the evidence clearly preponderated in favor of the court's findings. Certainly it was substantial enough to support the rulings on admissibility of the confession and appellant's conviction.

The judgment is affirmed.