**Charles LEASURE, Petitioner-Appellant,**

v.

**A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Corrections, Respondent-Appellee.**

No. 74–1520.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Jan. 13, 1975.

---

Robert A. Newcomb, for Inmates, Ark. Dept. of Correction, Pine Bluff, Ark., for petitioner-appellant.

Jim Guy Tucker, Atty. Gen., and Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for respondent-appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

In 1971, the petitioner was convicted in Arkansas state court of the first degree rape of his seven-year-old daughter. He was sentenced to imprisonment for forty years. After he was denied relief by the state supreme court on direct appeal[1] and on appeal of the denial of a post-conviction motion,[2] he filed a petition for habeas corpus in federal District Court. The sole ground for relief alleged in that petition was that he had been denied effective assistance of counsel at trial. After an evidentiary hearing, the District Court denied the petition. On appeal, the petitioner contends

---

1. Leasure v. State, 251 Ark. 887, 475 S.W.2d 535 (1972).

2. Leasure v. State, 254 Ark. 961, 497 S.W.2d 1 (1973). In the course of this opinion, the

that the record of the evidentiary hearing does not contain sufficient evidence to affirmatively show that he received the effective assistance of counsel. We disagree.

■ The petitioner asserts that his representation was ineffective for a number of reasons. First, he claims that his counsel waived a jury trial without his consent and against his wishes. His counsel, Charles Ledbetter, testified that there were compelling strategic reasons for waiving the jury, including the fear that the victim and her mother would testify that there had been prior similar incidents and the fact that there was inflammatory direct evidence in the form of blood-stained bedsheets and panties. In light of these and other facts, Ledbetter testified that he felt that it would be impossible to convince a jury that there were any mitigating circumstances, and that the death penalty would be a very likely jury verdict. Ledbetter further testified that the petitioner was advised of all this and that the petitioner gave him the power to make the final decision on the matter. We cannot say that the District Court was clearly erroneous [3] in crediting Ledbetter's testimony.

■ Second, the petitioner claims that his representation was ineffective, because of counsel's decision not to call the prosecutrix as a hostile witness. Ledbetter testified that the petitioner had repeatedly expressed the fear before trial that the state would call his daughter as a witness, and that he had urged Ledbetter to do everything possible to keep her off the stand. He testified that there was no reason to believe that the daughter's testimony would be helpful, that

there was a substantial risk that she would testify to earlier similar incidents, and that he was delighted when the state failed to call her as expected. We agree with the District Court that the decision not to call the victim as a hostile witness was a reasonable one.

■ Third, the petitioner alleges that a confession introduced against him at trial had been coerced by the use of force, in that his wife threatened him with a pistol at the time of the confession. He claims that he informed counsel of this fact, but that counsel failed to investigate and failed to assert the defense of coercion. Ledbetter testified that the petitioner had made no mention of such circumstances, despite repeated questioning about the events surrounding the confession. He testified that he would have been delighted to pursue any defense in this vexing case, and the record reflects that he did vigorously attempt to exclude the confession on the ground of incapacity. Moreover, the police officer who took the confession testified that he did not see the petitioner's wife display a gun or threaten the petitioner. To the contrary, the officer testified that it was at the petitioner's request that his wife was present, and that the scene of the confession was one of tears on the part of both husband and wife, as well as pleas for forgiveness. Once more, the District Court resolved an issue of credibility against the petitioner. We cannot say that this resolution of the facts was clearly erroneous.

■ Finally, the petitioner complains because his counsel staked all on the insanity defense, foregoing a defense to the underlying charge of rape, despite the fact that the petitioner steadfastly denied that he had committed the act.[4]

court noted that the petitioner's effective assistance of counsel claim bordered on the frivolous, since he had sought to have the court appoint the same counsel or someone equally "good" on his first appeal, and desired to have that counsel represent him in his post-conviction proceeding. *Id.* at 963, 497 S.W.2d 1.

3. We employ the clearly erroneous standard of Federal Rule of Civil Procedure 52(a) in

reviewing the findings of fact of the District Court in habeas corpus proceedings. *See* Taylor v. Swenson, 458 F.2d 593, 597 & n. 7 (8th Cir. 1972).

4. The petitioner does not challenge his counsel's decision to try the insanity defense solely on the basis of written medical reports, foregoing the opportunity to cross-examine the examining psychiatrists. Nor does it appear that such a contention has been raised in state post-conviction proceedings.

Ledbetter testified that the evidence against the petitioner regarding commission of the act was overwhelming, including physical evidence, medical testimony of a doctor who had examined the victim, possible testimony of the victim and her mother, testimony by a psychiatrist concerning admissions by the petitioner, and the signed confession. In light of that evidence, his prime objective was to avoid penalties of death or life imprisonment—an objective which he achieved. Moreover, Ledbetter directly contradicted the petitioner's claim that he had protested his innocence throughout the pretrial preparation. Instead, according to counsel's testimony, the petitioner acknowledged the events and often broke down and cried in discussing them. We cannot say that the District Court's acceptance of Ledbetter's testimony was clearly erroneous.

In light of the District Court's factual findings which are amply supported by the evidence, we agree that the petitioner received effective assistance of counsel with respect to the issues here asserted. *See* McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974). We, therefore, affirm.