Jerry BOYETTE *v.* STATE of Arkansas

CR 79-24                                              580 S.W. 2d 473

Opinion delivered May 7, 1979
(Division I)

*Greene & Cottrell,* by: *J. H. Cottrell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* for appellee.

DARRELL HICKMAN, Justice. Jerry Boyette was found guilty as charged of theft by receiving by the trial court sitting without a jury. He raises one point for reversal: The court

should have granted appellant's motion for a directed verdict because the information alleged that the stolen property belonged to Hawaiian Tropic while the proof at trial was that Roy Huddle owned the property. We agree.

The information alleged that on September 15, 1976, Boyette ". . . did unlawfully, feloniously, receive and retain certain stolen property having a value in excess of $100.00, such being the property of Hawaiian Tropic, P. O. Box 511, Daytona Beach, Florida, knowing that said property was stolen, . . . . " A subsequent amended information changed the date from September 15 to September 9.

Several witnesses for the State testified that the property in question, suntan lotion, belonged to Roy Huddle, a distributor for Hawaiian Tropic. No one stated that the property belonged to Hawaiian Tropic.

Steven Hickey, a vice president of Hawaiian Tropic, testified that the property had been sold to Roy Huddle before it was stolen. Huddle and one of his employees stated that it belonged to Huddle. Huddle said he found his warehouse broken into on the 15th of September. He found several pallets of suntan lotion missing. He had checked his warehouse two weeks before. An employee of Petty's Drugs, to whom Boyette had sold the merchandise, stated that the property was returned to Huddle when it was discovered that the property was stolen and Huddle could identify it.

At the close of all the evidence, Boyette's attorney moved for a directed verdict on the ground raised here on appeal.

There is no question that the allegation of ownership in the information contradicts the proof of ownership at trial.

This court recognizes that an erroneous allegation of ownership of property does not affect any substantial right of the defendant charged, if the offense is described with such certainty as to identify the act so there can be no doubt about the particular offense charged. Ark. Stat. Ann. §§ 43-1012 and 1014 (Repl. 1977); *Von Tonglin* v. *State,* 200 Ark. 1142, 143 S.W. 2d 185 (1940); and, *Tucker and Peacock* v. *State,* 194 Ark. 528, 108 S.W. 2d 890 (1937). The issue here, then, is

whether the crime is "so identified and described in the indictment or information as to make definite and certain the offense charged," so that Boyette could prepare for trial and would be able to plead former jeopardy, if he were ever charged with the same offense again. *Von Tonglin* v. *State, supra.*

Here, the only description in the information which identifies the alleged crime is the date and ownership of the property. When we disregard the erroneous allegation of ownership, all that is left is an allegation that Boyette possessed undescribed stolen property on September 9, 1976. That is not enough.

Since the crime is not described with the certainty required, the variance between the allegation in the information and proof at trial as to ownership is a fatal defect which requires reversal. *Von Tonglin* v. *State, supra.*

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.