Mac Allen SCANTLING *v.* STATE of Arkansas

CR 80-173                                      609 S.W. 2d 925
Supreme Court of Arkansas
Opinion delivered January 12, 1981

*Witt & Donovan,* by: *Ernie Witt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged with the rape of his ex-wife's eleven-year-old daughter. The jury found him guilty of carnal abuse in the first degree and set the sentence at ten years in the Arkansas Department of Correction and a fine of $10,000.

Appellant contends that the evidence presented at the trial was insufficient to support a conviction for carnal abuse.

The credibility of the witnesses and the weight of the evidence are matters to be determined by the trier of fact and not by the appellate court. *Thomas* v. *State,* 266 Ark. 162, 583 S.W. 2d 32 (1979). The test on appeal is whether there is substantial evidence to support the verdict. *Hutcherson* v. *State,* 262 Ark. 535, 558 S.W. 2d 156 (1977). There is substantial evidence in this case to support the verdict. The eleven-year-old prosecuting witness testified that the appellant had intercourse with her. The medical testimony was that although there was no evidence of physical trauma in the vaginal area, there was evidence of intercourse. This evidence supports the jury's verdict.

Appellant next contends that the trial judge abused his discretion in permitting leading questions. The witness was eleven years of age. The trasncript shows that she was nervous and upset at the intimate nature of the questions. Arkansas Uniform Rules of Evidence 611 (c), Ark. Stat. Ann. § 28-1001 (Supp. 1977) allows the trial judge some discretion in permitting leading questions under these circumstances.

As stated in *Hamblin* v. *State*, 268 Ark. 497, 597 S.W. 2d 589 (1980),

". . . In cases involving very young females, who are alleged to have been victims of crimes of this nature, this court will not disturb the action of the trial judge in permitting leading questions to be asked by the prosecution, if it appeared to him to be necessary to elicit the truth, unless his discretion has been abused. *Crank* v. *State*, 165 Ark. 417, 264 S.W. 396."

The questions were proper under the circumstances.

Appellant's third issue concerns a dialogue with the jury. During deliberations, the jury returned to the courtroom to seek clarification of some factual issues. After the foreman asked the first question, a colloquy took place with the judge and attorneys for the appellant and the state, all attempting to answer the questions. At one point the foreman asked, "Who brought the complaint to the state . . . ?" One of the prosecuting attorneys, during the dialogue responded, "It's just a legal technicality."

The appellant's attorney participated in the discussion at the trial and now, on appeal, objects to the colloquy. Appellant waived this issue by his attorney attempting to answer the questions of the jurors.

This case is being affirmed on its particular facts but should serve as a caveat. After deliberations have begun the court alone should answer questions from the jury.

After the verdict, the appellant employed his present attorney who filed a motion for new trial. The motion states

that appellant was denied the effective assistance of counsel prior to and during the trial. The trial court denied this motion and it is properly in this court on direct appeal.

The circuit judge found that the trial attorney acted within the range of competence demanded of attorneys at trial. The totality of the evidence does not show the decision of the lower court is erroneous and it is affirmed.

Determining incompetency of an attorney during trial is a difficult matter because highly competent, experienced and skilled attorneys might disagree as to matter of trial tactics and strategy. Leasure v. State, 254 Ark. 961, 497 S.W. 2d 1 (1973). During this trial the attorney had to make an infinite number of decisions: whether to object; whether to offer a particular witness; how to cross-examine an eleven-year-old prosecuting witness; whether to put the defendant on the stand; and how to argue the case. As pointed out in Leasure, supra, 254 Ark. at 965, almost every person convicted can envision areas where his or her lawyer could have taken a different course.

Prior to trial the defense attorney must, at a minimum make some effort to prepare himself or herself and the client for trial. Normally this would include either interviewing the prosecuting witness or reviewing the statements given by the prosecuting witness and contained in the prosecuting attorney's file. Neither of these was done in this case, but the trial attorney had known the young prosecuting witness for a number of years and decided not to interview her. Instead the Attorney conducted three interviews with the prosecutrix' mother. While no formal discovery motions were filed asking for the prosecutrix' statements, the defense attorney informally conducted discovery by questioning the deputy prosecuting attorney. The defense attorney testified, "I don't think I have ever filed a motion and the reason is that Mr. Williams has always made anything he has available to me."

Appellant complains that the attorney who tried the case did not talk to his alibi witness and made the decision not to use that witness without the benefit of an interview. The

appellant's alibi witness was his mother. The trial attorney testified that he knew all the members of appellant's family and concluded that using appellant's mother might well antagonize the jury.

Although effectiveness of trial counsel is not equated with success, it is meaningful that in plea bargaining the only offer by the state was a life sentence upon a plea of guilty to the charge of rape. The trial resulted in a ten year sentence and a $10,000 fine for carnal abuse.

Affirmed.