■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO GRIFFITH, Also Known as BRUCE WAGNER, Appellant. — Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered May 18, 1977, convicting him of sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered May 25, 1977, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgments reversed, on the law, plea vacated and cases remitted to Criminal Term for further proceedings consistent herewith. A new trial is necessary on the sodomy and sexual abuse charges because of prejudicial questions and comments made by the prosecutor which deprived the defendant of a fair trial (see *People v Shanis,* 36 NY2d 697; *People v Brosnan,* 32 NY2d 254, 261-262; *People v Wallason,* 62 AD2d 1026). During the trial, the prosecutor repeatedly called the defendant a "thief", a "liar", and characterized his behavior as that of an "animal in prey", "a cat" and a "creature". These comments clearly exceed the bounds of legitimate advocacy and only serve to prejudice the jury against the defendant (see *People v Shanis, supra; People v Brosnan, supra; People v Billingsley,* 74 AD2d 645; see, also, *People v Butler,* 57 AD2d 931; *People v Petrucelli,* 44 AD2d 58; *People v Sarmiento,* 40 AD2d 562). A new trial is required in this case despite the fact that guilt was proven beyond a reasonable doubt, because the denial of a fair trial to the defendant cannot be dismissed as harmless error (see *People v Crimmins,* 36 NY2d 230, 238; *People v Rivera,* 75 AD2d 544; *People v Bennett,* 65 AD2d 801). A reversal of the sodomy conviction also requires us to vacate the plea of guilty on the robbery charge. The plea on the robbery charge was conditioned on a negotiated agreement that the defendant would receive a sentence on the plea to be served concurrently with the sentence to be imposed as a result of the sodomy conviction. Therefore, to give effect to the plea commitment made by the trial court in this case the plea must be vacated (see *People v Rogers,* 48 NY2d 167; *People v Clark,* 45 NY2d 432; see, also, *People v Schaaff,* 77 AD2d 607; *People v Miller,* 76 AD2d 576). We also hold that the robbery conviction must be reversed and the plea vacated because the trial court induced the defendant to plea guilty by the explicit threat of a heavier sentence should he choose to proceed to trial (see *People v Hollis,* 74 AD2d 585, mot for lv to app den 49 NY2d 1004). We note that the trial court did not err in limiting the defendant's cross-examination of

the complaining witness. Its ruling was not an abuse of its discretion to regulate the extent of cross-examination (see *Feldsberg v Nitschke,* 49 NY2d 636; *People v Duffy,* 36 NY2d 258, 857, cert den 423 US 861; *People v Torres,* 72 AD2d 754) since the questions objected to may have been reasonably interpreted by the trial court to involve an inquiry into impermissible areas (see CPL 60.42; *People v Mandel,* 48 NY2d 952, revg on other grounds 61 AD2d 563). In addition, the trial court did not err in failing to instruct the jury that penetration was an essential element of the crime of sodomy. In any event, defense counsel did not preserve this issue for review as a matter of law since he did not request such a charge or except to its omission (see CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467). Despite some trial court opinions to the contrary (see *People v Harse,* 98 Misc 2d 188; *People v Bercowitz,* 61 Misc 2d 974), we hold that penetration is not an element of sodomy. Sodomy is defined as deviate sexual intercourse with another person by forcible compulsion (Penal Law, § 130.50, subd 1). Deviate sexual intercourse means sexual conduct between persons not married to each other consisting of *contact* between the penis and the anus, the mouth and penis, or the mouth and the vulva (Penal Law, § 130.00, subd 2, emphasis supplied). Although the words "sexual intercourse" appear within the term "deviate sexual intercourse", the definition of sexual intercourse as a term of art (Penal Law, § 130.00, subd 1) is not implicated in the definition of deviate sexual intercourse as applied to the Penal Law. The definition of deviate sexual intercourse does not refer to sexual intercourse in its ordinary meaning but refers to specific sexual conduct — contact between the penis and the anus, the mouth and penis, or the mouth and the vulva (Penal Law, § 130.00, subd 2). The element of penetration should not, therefore, be applied to the crime of sodomy. We have considered the remaining arguments of the defendant and find them to be without merit. Mangano, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.