Avery **CLAYBORN** *v*. **STATE** of Arkansas

CR 82-123                                          647 S.W.2d 433

Supreme Court of Arkansas
Opinion delivered March 7, 1983
[Rehearing denied April 11, 1983.*]

*Jeff Rosenzweig*, for appellant.

*HICKMAN and HAYS, JJ., would grant rehearing.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged by information with burglary and rape by deviate sexual activity. He was found guilty of both crimes but appeals only from the conviction of rape by deviate sexual activity. He was sentenced to imprisonment for life and jurisdiction is in this Court pursuant to Rule 29 (1) (b). The appeal is meritorious.

Ark. Stat. Ann. § 41-1803 (Repl. 1977), in pertinent part, provides that either of two different types of conduct can constitute the crime of rape:

Rape — (1) A person commits rape if he engages in *sexual intercourse* or *deviate sexual activity* with another person:

(a) by forcible compulsion . . .

(Emphasis added.)

Here, the information charged appellant with rape by forcibly engaging in deviate sexual activity. Deviate sexual activity is defined by statute as "any act of sexual gratification involving: (b) the penetration, however slight, of the vagina or anus of one [1] person by any body member or foreign instrument manipulated by another person." Ark. Stat. Ann. § 41-1801 (1) (b). The proof at trial was insufficient to sustain the charge or rape by deviate sexual activity as the crime is defined. The only evidence relating to such a form of rape was the prosecutrix's testimony that "he jerked my panties off and began to lick my bottom." There was no evidence that appellant's tongue penetrated the prosecutrix's vagina or anus. Yet, the testimony of the prosecutrix, a retired nurse, aptly demonstrated her thorough knowledge of human anatomy. Manifestly, the State failed to prove the crime charged, rape by deviate sexual activity.

The information did not charge appellant with the crime of rape by forcible sexual intercourse. That type of

rape is statutorily defined as the "penetration, however slight, of a vagina by a penis." Ark. Stat. Ann. § 41-1801 (9). The detailed and specific testimony by the prosecutrix leaves no doubt that appellant was guilty of rape in this nature. She testified "he made me hold the labia, get hold of it and hold it open for me to get his penis inside of me." Nonetheless, the State at no time sought to amend the information to correctly describe the nature of the rape which was committed. *See Jones* v. *State,* 275 Ark. 12, 627 S.W.2d 6 (1982). Subsequently, the appellant made a timely objection to the variance between the information and the proof and, in addition, moved for a directed verdict on the charge of rape by forcible deviate sexual activity. the trial court not only denied both motions but, over appellant's additional objection, instructed the jury on rape by forcible sexual intercourse, which had never been charged, and instructed the jury on rape by forcible deviate sexual activity, which was not proven. Since there was no proof of rape by deviate sexual activity the jury must have found the appellant guilty of rape by sexual intercourse, a crime with which appellant was never charged. The appellant correctly contends that he cannot be found guilty of a crime with which he was never charged.

The State makes two counter arguments. The first is that appellant was charged with forcible rape, proven guilty of forcible rape, convicted of forcible rape and therefore no fatal variance existed. That argument assumes a fallacious base because appellant was not solely charged with rape. If he had been charged only in general terms, then it might have been sufficient under our liberal rules of procedure, especially in the absence of a motion for a bill of particulars, But here appellant was charged with rape by forcibly engaging in deviate sexual activity. Such a charge includes the crimes formerly labelled by statute as sodomy and buggery, except for the bestiality aspect, and the penetration may be by finger, tongue or dildo.

The statute defining this crime, as distinguished from rape by sexual intercourse, contains no reference to the sex of either the offender or the victim. A neuter gender definition is essential since either a male or a female could be the victim

or the perpetrator of this nature of rape. It includes homosexual conduct as well as most types of unnatural hetersexual conduct. *See* Commentary to Ark. Stat. Ann. §§ 41-1801 and -1803. Acts of deviate sexual activity have been judicially described as unnatural acts. *Strum* v. *State,* 168 Ark. 1012, 272 S.W.2d 359 (1925).

On the other hand, the crime of forcibly engaging in sexual intercourse has been separately defined and is limited to penetration of a vagina by a penis. Ark. Stat. Ann. § 41-1801 (9). Obviously it is restricted to heterosexual conduct and, except for the forcible compulsion, is a natural sex act. The essential elements of the crimes differ.

The test for determining whether an information for one offense includes another is whether the offenses are of the same general character and whether the information for one offense contains all of the essential elements of the other. For example, in *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W.2d 108 (1971), the defendant was charged with assault with a deadly weapon, a knife, with intent to kill. The proof developed that the assault was with a pistol. We held no variance occurred because only one crime was involved, assault with intent to kill. The distinguishing fact in this case and the case at bar is that essentially two different crimes are involved here. Where two different crimes are involved the defendant may not be, as here, charged with a crime and convicted of another. To sustain a conviction on the ground that the evidence supports a charge not made would be a sheer denial of due process. *Thornhill* v. *Alabama,* 310 U.S. 88 (1940).

The State's second argument is that the sexual intercourse proven in this case comes within the statutory definition of deviate sexual activity. The argument is without merit. Criminal statutes must be strictly construed. *Breakfield* v. *State,* 263 Ark. 398, 566 S.W.2d 729 (1978). Under our prior law these criminal acts had separate names; rape by sexual intercourse was termed rape and rape by deviate sexual activity was termed sodomy or buggery. Under the Criminal Code of 1976 the separate criminal acts

continue to be defined separately and they must be so construed.

The current statutory definitions of these crimes are derived from New York Penal Law § 130.00. *See* Commentary to Ark. Stat. Ann. § 41-1801 (Repl. 1977). We note that the Appellate Division of the Supreme Court of New York stated: "The definition of deviate sexual activity does not refer to sexual intercourse in its ordinary meaning but refers to specific sexual conduct — contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva." *People* v. *Griffith,* 80 A.D.2d 590, 435 NYS2d 767 (1981). The two crimes are not the same. Forced sexual intercourse does not come within the crime of forced deviate sexual activity.

Reversed and remanded for a new trial.

PURTLE, J., concurs.

HICKMAN and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, concurring. To follow the reasoning of the two dissents in this case would soon lead to the abandonment of our laws and our Constitution. We are still a nation of laws but if we ever adopt the dissenting viewpoints we will no longer be. For almost two hundred years the Constitution of the United States has endured just such attacks as presented in the dissenting opinions. The Constitution of Arkansas has endured well over a hundred years of unsound and unwise attacks. I shall endeavor to defend our laws and constitutions so long as I occupy the bench on the Arkansas Supreme Court and shall continue thereafter as a private citizen.

DARRELL HICKMAN, Justice, dissenting. This case is an outrage, not so much because a defendant guilty of rape is freed, but because all the actors in this matter, including ourselves, have miserably failed in our duty: To provide a system that fairly decides who has violated the rights of others and holds accountable the guilty as well as frees the innocent. The defendant in this case will probably be the

most surprised of all. A system so inept as ours in this case will hardly deter him from further malfeasance. His argument is not that he is innocent of rape, because the State certainly proved that he forcibly had sexual intercourse with the victim; his argument is that he did not do it exactly how he was charged. Justice Hays has addressed the case from an evidentiary standpoint and I will not add to his statement except to observe that the Commentary to Ark. Stat. Ann. § 41-1801 (1) (b) says "deviate sexual activity is broad enough to embrace — common forms of deviate sexual behvior, fellatio, cunnilingus, and anal intercourse." The victim, a seventy-eight year old woman, no doubt described in her own modest words the act of cunnilingus.

This statute was drafted to define all kinds of forcible rape, by whatever mode or method of sexual abuse; it was intended to define a physical violation of another's body, one more than a mere touching. It was drafted to leave no loopholes: Whether the violation is committed by a tongue, finger, or even an inanimate object, it is rape in the most serious degree if force is used. It actually makes no difference to the law, the victim, nor even the defendant, how he committed the act, it is the violation that is defined and prohibited. The majority's decision is not giving effect to the legislative intent: it is creating a loophole where the General Assembly obviously strained to prevent such a result. There is no requirement that the State has to elect to charge a defendant with either rape by sexual intercourse or by deviate sexual activity. Either under force is rape. Ark. Stat. Ann. § 41-1803. The trial court instructed the jury that it could find the defendant guilty if he committed rape by either sexual intercourse or deviate sexual activity.

The majority's reasoning is akin to arguing that it makes a difference whether one is killed with a bullet or a knife; a copper jacketed shell, or a dum dum bullet; a killing is a killing and the exact method used is invariably irrelevant unless a defendant can show some kind of prejudice.

How does the defendant say he was prejudiced? It is conceded the State proved he raped this woman, at a certain time and place, by sexual intercourse as well as performed a

deviate act by "licking her bottom," adding to the humiliation of rape by sexual intercourse. But he argues he could not have "raped" her because the exact method of rape was not spelled out. Is there any argument there was no force? No. Is there any argument he did not also rape her by sexual intercourse? No. His identity is not questioned. It is simply an argument that the I was not dotted nor the T crossed, and the law demands his release even though he is admittedly guilty of the crime charged.

Certainly a defendant is entitled to know of the crime charged. The constitution requires it. U.S. CONST. amend. VI. And a defendant is entitled to a bill of particulars if he needs it in order to defend himself. Ark. Stat. Ann. § 13-804, 43-1006. *See Boyette* v. *State*, 265 Ark. 707, 580 S.W.2d 473 (1979). It was not the purpose of the defendant to seek more definite information about the charge; it was purely and simply a legal trick by the defense — and it worked.

There can be no kudos for the attorney for the State or the trial judge. The poor presentation of the case by the State was inexcusable and the trial court should have been more alert. It is a reality that the field of criminal law has become a playground for legal technocrats, not a place for lawyers, and those dealing with it must recognize this.

But we cannot be swayed from our purpose by imperfect trials and hindsight as to what should have been done. Our goal, as an appellate court, is to see that a system exists for fair trial, not a perfect one, but one free of prejudice. Errors that do not deny such a trial are not reversible errors. Especially in cases where the evidence of guilt is overwhelming. *Simpson* v. *State*, 278 Ark. 334, 645 S.W.2d 688 (1983). Such a system must not only protect the innocent but it must just as surely punish the guilty. Anything less, in either regard, is a failure. And ours is a failure in this case — without any excuse, legal or otherwise.

STEELE HAYS, Justice, dissenting. I wholly disagree that deviate sexual activity by the appellant was not sufficiently proved because the victim did not state specifically that her vagina was penetrated by her assailant's tongue. That seems

needlessly explicit. Her testimony that she was forced to submit to the appellant's having torn off her panties, "licked my bottom", "messed around awhile", and then raped her, ought to satisfy even the most meticulous appellate review. I can see nothing to be gained by requiring this seventy-eight year old victim to undergo another public description in fine detail of a revolting and horrifying experience.

We frequently accept the obvious import of the victim's testimony in these cases, even where literal words of penetration are lacking. Why should this one be treated differently? We have said that penetration may be inferred from circumstances, even when the victim is unable to say it occurred. In *Whitmore* v. *State*, 263 Ark. 419, 565 S.W.2d 133 (1978) we upheld a conviction involving deviate sexual activity. The facts given us in the opinion are that the victim, an eleven-year-old boy, spent the night with the accused, who gave him Sleep-Eze pills at bedtime. During the night the victim had to go to the bathroom because he felt something like grease coming out of his rear end. He described the substance as white and transparent, like Vaseline. We said these circumstances gave rise to more than mere suspicion, that the reasonable inference to be drawn left little room for doubt.

In *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980) we applied a common sense interpretation of our statutory requirement that the vagina be penetrated which, I believe, should guide us in this case. In that case, involving the rape of a nine-year-old girl, there was no evidence of penetration of the vagina, though there were signs of irritation, reddening and tenderness of the labia leding to the hymen, which is at the entrance of the vagina. We acknowledged that while the vagina may not have been penetrated, we concluded the legislature did not intend a literal interpretation of vaginal penetration, as evidenced by use of the words "however slight." We said it was essentially immaterial whether the vagina was penetrated, that it would border on the ridiculous to construe the statute as requiring evidence of actual penetration of the vagina when in many instances the victim would not even know whether the required depth of

penetration had occurred. That reasoning applied with equal force here.

A lengthy list of cases could be compiled where evidence of penetration was marginal at best, and in some instances non-existent, yet we inferred it even where the victim could not, or did not, supply it. *Scantling* v. *State*, 271 Ark. 678, 609 S.W.2d 925 (1981), *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980), *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978), *Leasure* v. *State*, 251 Ark. 887, 475 S.W.2d 535 (1972), *Havens* v. *State*, 217 Ark. 153, 228 S.W.2d 1003 (1950), *Needham* v. *State*, 215 Ark. 935, 224 S.W.2d 785 (1949), *Hudspeth* v. *State*, 194 Ark. 576, 108 S.W.2d 1085 (1937), *Poe* v. *State*, 95 Ark. 172, 129 S.W. 292 (1910).

The Commentary to Ark. Stat. Ann. § 41-1801 makes it clear that our statutes intend the term deviate sexual activity to include oral sex, when accomplished by compulsion, irrespective of whether the victim is forced to submit to it, or forced to perform it. Our statutes also provide that penetration need occur only in the *slightest degree*, even in literal rape, where there is far greater necessity for a clear line of demarcation between actual rape and attempted rape. But where the offense is deviate sexual activity of the sort presented by this case, what good purpose is served by requiring an explicit description of the act when the inference is clear? Isn't the sexual privacy and integrity of one person sufficiently violated for purposes of criminal prosecution when she is forced to submit to having her sexual organs violated by the mouth and tongue of an assailant on threat of death? The very act which this victim described as having been performed upon her ought to fully satisfy the statutory definition of deviate sexual activity. I would affirm the judgment of the trial court.