ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. NC-12-1470 PaDJu |
| | ) |
| MOHAMED S. ALAKOZAI, and DEBRA ANN ALAKOZAI, | ) Bk. No. 12-43746-WJL |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| DEBRA A. ALAKOZAI, | ) |
| | ) |
| Appellant, | ) |
| | ) **O P I N I O N** |
| v. | ) |
| | ) |
| CITIZENS EQUITY FIRST CREDIT UNION, | ) |
| | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Submitted Without Oral Argument[1]

Filed – October 2, 2013

_____

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, Bankruptcy Judge, Presiding

_____

Appearances:    Phyllis Voisenat on the brief for appellant Debra
Ann Alakozai; James E. Burbott on the brief for
appellee Citizens Equity First Credit Union.


Before:  PAPPAS, DUNN and JURY, Bankruptcy Judges.

_____

[1]  After examining the briefs and record, in an order entered
July 2, 2013, the Panel unanimously determined that this appeal is
suitable for submission without oral argument pursuant to Fed. R.
Bankr. P. 8012.  See Ninth Circuit BAP R. 8012-1.

PAPPAS, Bankruptcy Judge:

Appellant Debra Ann Alakozai ("Mrs. Alakozai") appeals the bankruptcy court's order granting a motion for relief from the automatic stay filed by creditor Citizens Equity First Credit Union ("CEFCU"). The stay relief order permitted CEFCU to continue its prosecution of an unlawful detainer action in state court to remove Mrs. Alakozai and her husband, Mohamed S. Alakozai ("Mr. Alakozai", and collectively "the Alakozais" ), from their home following a foreclosure. We agree with the bankruptcy court that an in rem order entered in a prior bankruptcy case was effective as to the real property in question, and thus the automatic stay did not prohibit the foreclosure, even though it occurred during the pendency of a later bankruptcy case filed by Mrs. Alakozai. As a result, the bankruptcy court's grant of stay relief in favor of CEFCU in this later bankruptcy case was proper. We therefore AFFIRM.

## FACTS

Mrs. Alakozai and Mr. Alakozai, at all relevant times, were spouses. On June 22, 2005, Mr. Alakozai executed a promissory note secured by a deed of trust on real property located in Dublin, California ("the Property"). The payee on the note and the beneficiary of the deed of trust was Valley Credit Union, CEFCU's predecessor in interest.[2] Mrs. Alakozai's name does not

---

[2] The beneficiary and original lender was Valley Credit Union, which merged with CEFCU in May 2011. CEFCU was the surviving entity and, via the merger, was assigned all of Valley Credit Union's existing contractual rights and obligations. Although Mrs. Alakozai raised a standing issue regarding CEFCU, the bankruptcy court rejected her challenge. She has not challenged CEFCU's standing in this appeal.

appear in the deed of trust; however the payments on the secured debt were made from community property funds. It is undisputed that, as a result of the payments, Mrs. Alakozai acquired a community property interest in the Property.

When Mr. Alakozai defaulted on the note payments, the credit union caused a default notice to be recorded, and a trustee's sale was scheduled. Following this default, the Alakozais filed several bankruptcy cases, all in the Northern District of California.

On December 4, 2008, Mr. Alakozai filed a chapter 13[3] petition commencing Case No. 08-47190 (the "First Case"). No plan was confirmed, and this case was dismissed on May 28, 2009.

On January 9, 2010, Mr. Alakozai and Mrs. Alakozai filed a joint chapter 7 petition commencing Case No. 10-40236 (the "Second Case"). The Alakozais received a discharge in the Second Case on April 9, 2010.

On April 16, 2010, the Alakozais filed a chapter 13 petition, Case No. 10-44319 (the "Third Case"). Again, no plan was confirmed, and that case was dismissed on September 22, 2010.

On November 15, 2010, Mr. Alakozai filed yet another chapter 13 petition initiating Case No. 10-73176 (the "Fourth Case"). In that case, on December 28, 2010, the credit union filed an "In Rem Motion for Relief from the Automatic Stay" in which it sought relief from the stay to foreclose the deed of trust on the Property under § 362(d)(4). The motion was ultimately granted on January 26, 2011, and in the order, the bankruptcy court specified

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

that the order was binding on Mr. Alakozai, and as to the Property, for 180 days from the date of entry of the order (the "In Rem Order"). The In Rem Order was not appealed. On February 22, 2011, the bankruptcy court dismissed the Fourth Case. Approximately one month later, the In Rem Order was recorded in the Alameda County Recorder's Office.

On July 20, 2011, Mrs. Alakozai filed yet another chapter 13 petition commencing Case No. 11-47681 (the "Fifth Case"). Later that same day, a trustee's sale to foreclose the deed of trust occurred at which CEFCU purchased the Property. The Fifth Case was dismissed by the bankruptcy court the following month without confirming a plan. When the Alakozais did not vacate the Property, CEFCU initiated an unlawful detainer action against them in California state court on September 16, 2011.

The Alakozais filed the joint chapter 13 case from which this appeal arises, Case No. 12-43746 (the "Sixth Case"), on April 27, 2012. Because the unlawful detainer action was pending at the time of the filing of the Sixth Case, on May 9, 2012, CEFCU filed a stay relief motion seeking to continue prosecution of the state court action to recover possession of the Property. Mrs. Alakozai not only opposed the motion, but also commenced an adversary proceeding for declaratory and injunctive relief, as well as cancellation of the deed from the trustee's sale of the Property. In connection with the stay relief motion, the bankruptcy court requested briefing regarding whether CEFCU had violated the automatic stay when the Property was sold at the trustee's sale occurring during the pendency of the Fifth Case. The issue was briefed by both parties, and during the hearing on the stay relief

-4-

motion held on August 22, 2012, the bankruptcy court considered the status of the In Rem Order in the Fourth Case.  Ultimately, the bankruptcy court decided to grant the stay relief motion allowing CEFCU to continue with the unlawful detainer action in state court.  An order was entered on August 27, 2012 (the "Stay Relief Order").

Mrs. Alakozai, only, filed a timely appeal on September 10, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE ON APPEAL**

Whether the bankruptcy court abused its discretion when it granted stay relief to CEFCU to continue the unlawful detainer action in state court against the Alakozais.

**STANDARD OF REVIEW**

We review an order granting relief from stay for abuse of discretion.  Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 104 (9th Cir. BAP 2011); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 915 (9th Cir. BAP 2011).  This standard has two parts.  First, we consider whether the bankruptcy court applied the correct legal standard; and second, we must decide whether those factual findings supporting the legal analysis were clearly erroneous.  In re Edwards, 454 B.R. at 104 (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)).

//

//

**DISCUSSION**

**A.   In rem stay relief.**

A broad stay automatically arises upon the filing of a bankruptcy petition.  § 362(a).  That stay prohibits, <u>inter alia</u>, the commencement or continuation of legal actions against a debtor which arose prepetition, § 362(a)(1); any act to enforce a lien against property of the debtor or a bankruptcy estate, § 362(a)(4), (5); as well as most any other activities to enforce or collect a prebankruptcy claim against the debtor.  <u>Gruntz v. Cnty of L.A. (In re Gruntz)</u>, 202 F.3d 1074, 1081-82 (9th Cir. 2000).  Ordinarily, the automatic stay remains in effect until the bankruptcy case is closed, dismissed, or a discharge is granted. § 362(c)(2); <u>Ung v. Boni (In re Boni)</u>, 240 B.R. 381, 384 (9th Cir. BAP 1999).

Actions taken by creditors in violation of the automatic stay are void.  <u>Griffin v. Wardrobe (In re Wardrobe)</u>, 559 F.3d 932, 934 (9th Cir. 2009); <u>Schwartz v. United States (In re Schwartz)</u>, 954 F.2d 569, 571 (9th Cir. 1992).  However, on request of a party, following notice and a hearing, the automatic stay may be terminated, annulled, modified or conditioned by the bankruptcy court.  § 362(d).

Occasionally, debtors have resorted to filing tactical, serial bankruptcy cases to prevent creditors from enforcing liens against their property.  In 2005, Congress fashioned special relief for creditors when § 362(d)(4) was added to the Bankruptcy Code under BAPCPA.  That provision permits the bankruptcy court to grant so-called "in rem" relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate

-6-

foreclosure efforts through one or more transfers of interest in real property or, as was apparently the situation here, multiple bankruptcy filings affecting the subject in rem property.  The text of § 362(d)(4), in effect when the bankruptcy court entered that order in this case, stated:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay — . . .
>
>> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
>>
>>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>>
>>> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

§ 362(d)(4).

As can be seen from the language of the statute, a creditor seeking relief from the stay in a bankruptcy case pursuant to § 362(d)(4) must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings.  In re Lee, 467 B.R. 906, 920 (6th Cir. BAP 2012).  If proven, the bankruptcy

-7-

court may enter an order authorizing the creditor relief from the stay that is "binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ."  For § 362(d)(4) relief to be effective, the order granting relief must be recorded "in compliance with applicable laws governing notices of interests or liens in real property." Id.

In this appeal, Mrs. Alakozai has not challenged that a § 362(d)(4) stay relief order was entered by the bankruptcy court in the Fourth Case, or that the In Rem Order was recorded in the Alameda County Recorder's Office in compliance with California state law.

An order entered under § 362(d)(4) has serious implications. By seeking relief under § 362(d)(4), the creditor requests specific prospective protection against not only the debtor, but also every non-debtor, co-owner, and subsequent owner of the property. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC. (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 871 (9th Cir. BAP 2012).  In BAPCPA, Congress gave "teeth" to the two-year bar under § 362(d)(4) by adopting a new exception to the automatic stay in § 362(b)(20) to prevent parties from filing another bankruptcy case to reimpose the stay and frustrate a secured creditor's enforcement efforts:

> (b)  The filing of a petition . . . does not operate as a stay —
>
>> (20) under subsection (a), of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title,

-8-

> for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing.

§ 362(b)(20). Under this exception to the automatic stay, then, if the bankruptcy court enters a stay relief order as to real property under § 362(d)(4), the filing of a subsequent bankruptcy case will not operate to stay the enforcement of a lien against that real property during the period that such recorded order remained in effect. In re First Yorkshire Holdings, Inc., 470 B.R. at 870 ("If the court's order granting relief under § 362(d)(4) is recorded in compliance with applicable state law, it is binding in any other bankruptcy case filed in the next two years purporting to affect the same real property. See § 362(d)(4), § 362(b)(20)."); In re Abdul Muhaimin, 343 B.R. 159, 169 (Bankr. D. Md. 2006) (applying §§ 362(b)(20) and (d)(4), the bankruptcy court noted that an in rem stay relief order "would nullify the ability of the Debtor and any other third party with an interest in the property to obtain the benefits provided by the automatic stay in future bankruptcy cases for a period of two years.").

**B. Disposition of the issues.**

We apply this legal framework to the following undisputed facts in this appeal: (1) Mr. Alakozai filed a chapter 13 petition on November 15, 2010; (2) on December 28, 2010, CEFCU filed a motion for relief from the automatic stay under § 362(d)(4), specifically requesting in rem relief against the Property; (3) after a hearing, the bankruptcy court granted the relief

-9-

requested in the motion in an order entered on January 27, 2011; (4) the In Rem Order was not appealed and is, therefore, final; (5) on March 25, 2011, the In Rem Order was recorded in the Alameda County Recorder's Office; (6) on July 20, 2011, Mrs. Alakozai filed a chapter 13 petition; and (7) later the same day, the deed of trust on the Property was foreclosed, and CEFCU purchased the Property, at the trustee's sale. Based on these facts, we confidently conclude that, because of the bankruptcy court's In Rem Order, the automatic stay arising when Mrs. Alakozai filed her chapter 13 petition on July 20, 2011 did not prohibit the trustee's sale conducted later that same day. § 362(b)(20), (d)(4).

Mrs. Alakozai's sole argument in this appeal is that the bankruptcy court in the Sixth Case erred by granting CEFCU relief from the stay to continue the unlawful detainer action because the foreclosure occurring during the Fifth Case was a stay violation, and therefore, void. Mrs. Alakozai contends that the In Rem Order was invalid because the bankruptcy court in the Fourth Case allegedly failed to make the necessary findings of fact to support stay relief under § 362(d)(4). But this argument comes way too late to carry any weight.

Mrs. Alakozai's challenge to the adequacy of the factual findings made by the bankruptcy court to support its entry of the In Rem Order in the Fourth Case amounts to a collateral attack on a final order of a federal court. An order granting relief from stay is a final order. Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 866 n.1 (9th Cir. 2012) ("The grant or denial of a motion for relief from the automatic stay is a final

-10-

order."). There was no appeal of the In Rem Order, and its finality was therefore not subject to challenge. A final order of a federal court may not be collaterally attacked. <u>Watts v. Pinckney</u>, 752 F.2d 406, 410 (9th Cir. 1985) ("res judicata bars a collateral attack on a final judgment"); <u>Heritage Pac. Fin., LLC v. Machuca (In re Machuca)</u>, 483 B.R. 726, 733 (9th Cir. BAP 2012); <u>Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)</u>, 389 B.R. 721, 731 (9th Cir. BAP 2008). Mrs. Alakozai cannot now assault the legitimacy of the In Rem Order as a final order.

Mrs. Alakozai points out that she was not a debtor in her husband's bankruptcy case in which the In Rem Order was granted and entered. Along these lines, the parties expend considerable effort in their briefing discussing Mrs. Alakozai's "privity" to her husband for purposes of enforcing the In Rem Order. However, such a debate is of no moment to the operation of § 362(d)(4) and § 362(b)(20). An order entered under § 362(d)(4) binds any party asserting an interest in the affected property, including every non-debtor, co-owner, and subsequent owner of the property. <u>In re First Yorkshire Holdings, Inc.</u>, 470 B.R. at 871. Under the Code, stay relief granted under § 362(d)(4) is effective as to anyone holding any interest in the Property, whether or not they are in privity with the debtor. Moreover, under § 362(b)(20), the automatic stay in a subsequent bankruptcy case simply does not operate to prohibit a creditor from taking action to enforce a lien that is the subject of a § 362(d)(4) order. In other words, Mrs. Alakozai was bound by the terms of the In Rem Order even though she was not a debtor in the Fourth Case, and the automatic stay arising from the filing of the Fifth Case did not invalidate

-11-

the trustee's sale of the Property. As a result, the sale was valid, and the bankruptcy court properly concluded that CEFCU was entitled to stay relief in the Sixth Case to continue with the unlawful detainer action.

## CONCLUSION

We conclude that the bankruptcy court did not abuse its discretion in granting relief from stay to CEFCU to continue the unlawful detainer action as to the Property. The order of the bankruptcy court is AFFIRMED.