**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-17-1209-STaF |
| ) | |
| MICHAEL STINCHFIELD, ) | Bk. No. 9:17-bk-10015-PC |
| ) | |
| Debtor. ) | |
| _____ ) | |
| MICHAEL STINCHFIELD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| SPECIALIZED LOAN SERVICE; ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Submitted Without Oral Argument
on February 22, 2018

Filed – March 13, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

_____

Appearances: Appellant Michael Stinchfield, on brief, pro se.

_____

Before: SPRAKER, TAYLOR, and FARIS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Michael Stinchfield appeals from an order dismissing his chapter 11[1] bankruptcy case. The day before the case was dismissed, debtor's son and attorney-in-fact, Dana Stinchfield, filed a declaration conceding that Michael[2] had been unsuccessful in arranging a sale of his real property sufficient to fund a feasible chapter 11 plan and that he could not fund (or confirm) a plan within a reasonable time. Dana further stated that he had directed Michael's attorney to request dismissal of the case.

Dana's declaration provided sufficient grounds to support the bankruptcy court's dismissal for cause under § 1112(b). Accordingly, we AFFIRM.

**FACTS**

The underlying chapter 11 case was not Michael's first bankruptcy case. The bankruptcy court had dismissed two chapter 13 cases during the prior year for failure to file essential bankruptcy case documents.[3] As a result, no automatic

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] For ease of reference, we refer to Michael and Dana by their first names.

[3] Michael's chapter 13 case no. 9:15-bk-12415-PC was commenced on December 8, 2015, and dismissed on January 6, 2016, for failure to file the required bankruptcy schedules and statements. Michael's chapter 13 case no. 9:16-bk-10109-PC was commenced on January 21, 2016, and dismissed on November 3, 2016, for failure to file a required proposed order converting the case to chapter 11.

stay went into effect upon the filing of Michael's chapter 11 petition. § 362(c)(4)(A)(i). Michael filed his first motion seeking to impose the stay on February 6, 2017 ("First Stay Motion"). Dana signed the First Stay Motion and the accompanying declarations on Michael's behalf.[4]

The motion and declarations explained that Michael owned two parcels of residential real property, one known as the Garden Street Property, worth roughly $2.2 million, and the other known as the State Street Property, worth roughly $1.5 million. Michael and Dana identified the Garden Street Property as their primary residence. Michael proposed to sell the State Street Property to fund his chapter 11 plan and pay his creditors. According to Michael, he had sufficient equity in the property to be sold to accomplish these goals.[5] The secured creditors holding liens on the two parcels of real property opposed the First Stay Motion. The bankruptcy court denied the stay motion because it was not filed within the thirty-day time limit specified in § 362(c)(4)(B).

Even though Michael was represented by counsel in his chapter 11 case, he filed on May 4, 2017, in pro per, a motion

[4] During the entire time his chapter 11 case was pending, Michael was serving time as an inmate in a state prison. This is the reason Michael was acting through Dana as his attorney in fact. Initially, Michael characterized his incarceration as "my physical incapacitation." Later in the case, his attorney specifically disclosed the fact of his incarceration.

[5] Michael stated that the State Street Property had a first trust deed encumbering it in the amount of $1,019,388, and the Garden Street Property had a first trust deed encumbering it in the amount of $1,700,000.

3

seeking to stay the foreclosure of his properties ("Second Stay Motion"). No law was cited, and it is unclear what legal authority Michael relied upon to support the requested stay. In his moving papers, Michael detailed a series of misfortunes that struck his family leading up to his bankruptcy case filings and elaborated on his prior efforts to sell one or the other of his two properties to pay off all of his creditors. The bankruptcy court denied the Second Stay Motion without explanation the same day it was filed.

On May 23, 2017, Michael's counsel of record, Bryan Diaz, filed a motion for reconsideration of the denial of the First Stay Motion ("Stay Reconsideration Motion"). Diaz asserted that the untimeliness of the First Stay Motion was the result of his excusable neglect. Diaz filed along with the Stay Reconsideration Motion additional evidence regarding Michael's desire to sell one or the other of his properties in the hopes of paying off his unsecured creditors and paying off the mortgage arrears on the property not sold.[6] This evidence included appraisals of each property suggesting that Michael had significant equity in each property. Diaz set the motion for hearing at the same time as Michael's continued chapter 11 status conference. The bankruptcy court's status conference order stated that both the debtor and his counsel were required to

_____

[6] At the time of the First Stay Motion, Michael's papers indicated he only was interested in selling the State Street Property. By the time his counsel filed the Stay Reconsideration Motion, Michael apparently was willing to sell either of his two properties to finance his chapter 11 plan and save the remaining property from foreclosure.

appear at the status conference and any continuance thereof, unless excused by the court. The status conference order further specified that "[f]ailure to comply with this order may result in sanctions including dismissal, conversion, or appointment of a trustee."

A few hours before the June 28, 2017 hearings, Diaz filed a declaration signed under penalty of perjury by Dana. In it, Dana reiterated that he had been acting in the bankruptcy case, and continued to act, as Michael's attorney in fact. Dana also recounted the history of his unsuccessful efforts to market and sell one or the other of the two properties.

Based on these efforts, Dana declared:

12. Despite my best efforts to manage the estate and properly market each asset of the estate to fund a Chapter 11 plan within a reasonable time, I am simply unable to sell any asset for sufficient income to fund a Chapter 11 plan.

13. I apologize for [sic] late filing of this declaration but I wanted to exhaust all avenues before I conceded that a Chapter 11 plan is currently unfeasible. Specifically, there was a potential buyer, with cash, that wanted to see the Garden property but the showing is not scheduled until tomorrow. While this potential offer is promising, I do not believe it will be sufficient to fund a Chapter 11 plan.

14. To complicate matters, I am instructed to sell only one property by the Debtor.

15. At this juncture, I have requested that Debtor's attorney seek a dismissal of the case given my inability to fund a Chapter 11 plan within a reasonable time.

Stinchfield Decl. (June 28, 2017) at ¶¶ 12-15.

Dana, Diaz, and Michael all failed to appear for the

5

June 28, 2017 hearings.[7] The only appearance was counsel for the United States Trustee ("UST"). The court discussed with the UST the request for dismissal as stated in Dana's declaration. The UST stated that it had no objection to dismissal. The court then ruled that it would dismiss the bankruptcy case without prejudice based on the status conference order entered by the court on January 6, 2017. The bankruptcy court did not rule on the Stay Reconsideration Motion at the hearing, nor did it enter an order formally disposing of it.

The bankruptcy court entered its order dismissing the case that same day. In the order, the bankruptcy court stated that it had found cause for dismissal under § 1112(b) based on the findings of fact and conclusions of law it had stated orally on the record during the status conference. Michael timely filed a notice of appeal from the dismissal order.[8]

---

[7] Michael was still incarcerated at the time.

[8] On July 20, 2017, Michael filed, pro se, a four-page motion seeking reconsideration of the case dismissal order ("Dismissal Reconsideration Motion"). Michael claimed that the dismissal resulted from his counsel's failure to timely prosecute the case and failure to timely file documents. Michael further claimed he was not accountable for Diaz's misfeasance and that he (Michael) should not suffer any consequences as a result of that misfeasance. The same day it was filed, the bankruptcy court entered a one-sentence order denying the Dismissal Reconsideration Motion. Michael did not amend his prior notice of appeal or file a new notice of appeal to cover the order denying the Dismissal Reconsideration Motion. Consequently, the order denying the Dismissal Reconsideration Motion is beyond the scope of our review. See Rule 8002(b)(3) and Advisory Committee Notes accompanying 2014 Amendments ("As under the former rule, a party that wants to appeal the court's disposition of the [reconsideration] motion . . . must file a notice of appeal or,

(continued...)

6

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), and we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion when it dismissed Michael's chapter 11 case?

**STANDARDS OF REVIEW**

We review the bankruptcy court's order pursuant to § 1112(b) dismissing Michael's chapter 11 case for an abuse of discretion. Hutton v. Treiger (In re Owens), 552 F.3d 958, 960 (9th Cir. 2009); Sullivan v. Harnisch (In re Sullivan), 522 B.R. 604, 611 (9th Cir. BAP 2014).

The bankruptcy court abused its discretion if it applied the wrong legal standard or its findings of fact were illogical, implausible, or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A. Section 1112(b) and Cause for Dismissal.**

Section 1112(b) provides for dismissal or conversion of a chapter 11 case for cause. The statute does not specify all grounds that might constitute cause. Pioneer Liquidating Corp. v. United States Tr. (In re Consol. Pioneer Mortg. Entities), 248 B.R. 368, 375 (9th Cir. BAP 2000). Instead, it sets forth a

---

[8](...continued)
if it has already filed one, an amended notice of appeal.").

7

non-exhaustive list of circumstances constituting cause and allows the courts to develop a list of additional grounds constituting cause. Id. (citing H.R. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 6362). Congress's 2005 amendments to the Code significantly reduced the bankruptcy court's discretion under 1112(b) in some respects, but the amendments largely did not diminish the court's discretion to determine what sorts of events and conduct constitute cause. See In re Wallace, 2010 WL 378351, at *3 & n.12 (Bankr. D. Idaho Jan. 26, 2010), aff'd, 2011 WL 1230535 (Mem. Dec.) (D. Idaho Mar. 30, 2011); see also Pryor v. United States Tr. (In re Pryor), 2016 WL 6835372, at *5 (Mem. Dec.) (9th Cir. BAP Nov. 18, 2016) (citing Khan v. Rund (In re Khan), 2012 WL 2043074, at *5 (Mem. Dec.) (9th Cir. BAP 2012)) (noting that the bankruptcy court enjoys broad discretion in determining what constitutes cause).

Under § 1112(b)(4), "cause" for dismissal or conversion includes, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." § 1112(b)(4)(A). Here, at the time of dismissal, Dana admitted on behalf of Michael that he had no means of funding his desired chapter 11 plan within a reasonable amount of time. This necessarily included the cure of all arrears on any property Michael ultimately sought to retain. Given the conceded inability to sell either property at a price sufficient to pay creditors and cure the arrears on the property not sold, Michael could not propose a feasible Chapter 11 plan. Dana further disclosed that he (Dana) had directed Diaz to request dismissal of the chapter 11 case on Michael's behalf.

8

These factors, taken together, were sufficient to constitute cause for dismissal or conversion.

Admittedly, there was no evidence or finding of substantial or continuing loss to or diminution of the estate, as contemplated under § 1112(b)(4)(A). Nonetheless, in light of the flexible and discretionary nature of the "for cause" standard under § 1112(b), Michael's admission that he could not propose a feasible plan, when combined with his request for dismissal, were sufficient factual grounds to satisfy the for cause standard.

We recognize that the bankruptcy court's dismissal ruling was not accompanied by oral or written findings identifying the specific grounds the bankruptcy court relied upon in granting Michael's request for dismissal. Nonetheless, when as here the record gives us a full understanding of the subject matter of the appeal, we need not remand for findings. See First Yorkshire Holdings v. Pacifica L 22, LLC (In re First Yorkshire Holdings), 470 B.R. 864, 871 (9th Cir. BAP 2012) (citing Simeonoff v. Hiner, 249 F.3d 883, 891 (9th Cir. 2001)); see also Jess v. Carey (In re Jess), 169 F.3d 1204, 1208-09 (9th Cir. 1999) (holding that the trial court's failure to make specific findings does not require reversal if the trial court record is sufficient to afford a full understanding of the issues on appeal); Swanson v. Levy, 509 F.2d 859, 860-61 (9th Cir. 1975) (same).

**B. Conversion as an Alternative to Dismissal.**

Michael argues on appeal that the bankruptcy court should have considered conversion as an alternative to dismissal. Michael technically is correct that § 1112(b) typically requires a two-step analysis. After determining whether cause exists, the

9

bankruptcy court ordinarily must consider whether dismissal or conversion would best serve the interests of creditors. <u>Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)</u>, 389 B.R. 721, 729 (9th Cir. BAP 2008) (citing <u>Nelson v. Meyer (In re Nelson)</u>, 343 B.R. 671, 675 (9th Cir. BAP 2006)).[9] The bankruptcy court here did not explicitly consider conversion before it dismissed Michael's chapter 11 case. But no purpose would be served in remanding for specific consideration of conversion, given that no one has advocated for conversion in lieu of dismissal. <u>See</u> <u>Dudley v. Simmons (In re Dudley)</u>, 2014 WL 764360, at *5 n.4 (Mem. Dec.) (9th Cir. BAP Feb. 26, 2014) (same result in appeal from chapter 13 case dismissal). To the contrary, by way of Dana's June 28, 2017 declaration, Michael specifically requested that the court dismiss his case. Furthermore, the UST appeared at the hearing and consented to dismissal. In effect, the UST spoke on behalf of the bankruptcy estate's unsecured creditors.

Michael obviously did not want his case converted to chapter 7. Rather, he wanted to hold onto at least one of his two properties. To do this, he would have needed to sell one of the two properties in the hopes that the net sale proceeds would be sufficient to pay off his unsecured creditors and to cure his mortgage arrears with respect to the other property not sold. A chapter 7 case would not have enabled Michael to do what he

---

[9] <u>In re Nelson</u> involved a chapter 13 case dismissal. Nonetheless, because the provisions governing dismissal or conversion of chapter 13 cases and chapter 11 cases are quite similar, cases decided under one chapter generally are persuasive in cases decided under the other chapter. <u>In re Nelson</u>, 343 B.R. at 674-75.

10

desired. In chapter 7, Michael would have lost control over both properties to a chapter 7 trustee, who has a duty to liquidate assets for the benefit of the estate. See § 704. Even if not liquidated by the chapter 7 trustee, the properties still would have been subject to the risk of foreclosure by Michael's secured creditors, as no stay existed.

Under these circumstances, we decline to further address the issue of conversion, or the fact that the bankruptcy court did not formally consider conversion as an alternate to dismissal. See generally United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 n.9 (2010) (declining to address issue not raised "in the courts below"); Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014) ("In general, a federal appellate court does not consider an issue not passed upon below. A litigant may waive an issue by failing to raise it in a bankruptcy court." (internal quotation marks and citations omitted)); Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012) (appellate court may decline to address argument not raised before bankruptcy court).

**C. Michael's Main Arguments on Appeal.**

**1. Ineffective Assistance of Counsel.**

First and foremost, Michael argues on appeal that the bankruptcy court committed reversible error because the court deprived him of the effective assistance of counsel. Michael's ineffective assistance of counsel argument is twofold. On the one hand, Michael argues that the bankruptcy court should have warned him directly that his counsel was incompetent and that he

11

should retain new counsel. On the other hand, he argues that the dismissal of his case was a consequence of his counsel's errors and incompetence and that he (Michael) should not bear the burden of his counsel's errors.

We disagree with both aspects of Michael's ineffective assistance of counsel argument. We repeatedly have held that there is no right to counsel, effective or otherwise, in bankruptcy cases. See, e.g., Toth v. Short (In re Toth), 2016 WL 5957271, at *6 (Mem. Dec.) (9th Cir. BAP Oct. 13, 2016); Yu v. Nautilus, Inc. (In re Yu), 2016 WL 4261655, at *7 (Mem. Dec. (9th Cir. BAP Aug. 11, 2016); Stephen v. May (In re Stephen), 2013 WL 1408735, at *4 (Mem. Dec.) (9th Cir. BAP Apr. 9, 2013) Davis v. Cent. Bank (In re Davis), 23 B.R. 773, 776 (9th Cir. BAP 1982). Our prior panel decisions are consistent with Ninth Circuit and Supreme Court law. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir 1989) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25-27 (1985)).

As for the consequences of his counsel's actions or inaction, Michael has completely ignored the fact that the primary impetus for the bankruptcy court's dismissal was his admission through Dana that he could not reorganize within a reasonable amount of time and that he had asked his counsel to seek dismissal of the case. We are perplexed as to how Michael can assert, under these circumstances, that his counsel's untimely filing of certain documents was the cause of dismissal of his chapter 11 case.

In any event, the law does not support Michael's claim that he is not responsible for his counsel's alleged incompetence. To

the contrary, the Supreme Court has made it abundantly clear that, in civil litigation and bankruptcy cases, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993); see also S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1101 (9th Cir. 2010).

## 2. **Unusual Circumstances**.

Michael alternately argues that the bankruptcy court erred when it dismissed his chapter 11 case because "unusual circumstances" existed demonstrating that case dismissal was not within the best interests of his creditors. In making this argument, Michael appears to be referencing § 1112(b)(2), which provides:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court.

The circumstances on which Michael relies in support of this argument do not seem particularly unusual. He again rehashes his allegations of attorney incompetence, as well as the series of

13

family misfortunes he allegedly has suffered. He also discusses the prospects of selling one of his two properties in order to finance his reorganization plan.

Even if we were to assume that these alleged facts constitute unusual circumstances for purposes of § 1112(b)(2), Michael's unusual circumstances argument is fatally flawed. On its face, the statute requires the debtor (or another interested party) to establish that a plan can be confirmed within a reasonable time and that any act or omission ordinarily leading to dismissal or conversion can be cured within a reasonable time. Here, Dana's declaration, filed on Michael's behalf, is wholly at odds with § 1112(b)(2)'s requirements. As Dana stated there:

> 12. Despite my best efforts to manage the estate and properly market each asset of the estate to fund a Chapter 11 plan within a reasonable time, I am simply unable to sell any asset for sufficient income to fund a Chapter 11 plan.

> 13. I apologize for late filing of this declaration but I wanted to exhaust all avenues before I conceded that a Chapter 11 plan is currently unfeasible. Specifically, there was a potential buyer, with cash, that wanted to see the Garden property but the showing is not scheduled until tomorrow. While this potential offer is promising, I do not believe it will be sufficient to fund a Chapter 11 plan.

> 14. To complicate matters, I am instructed to sell only one property by the Debtor.

> 15. At this juncture, I have requested that Debtor's attorney seek a dismissal of the case given my inability to fund a Chapter 11 plan within a reasonable time.

Stinchfield Decl. (June 28, 2017) at ¶¶ 12-15. Michael has never disavowed Dana's declaration or the request for dismissal. Therefore, Michael effectively admitted that he could not act within a reasonable time, as required by § 1112(b)(2). In light

14

of the declaration, Michael's unusual circumstances argument lacks merit.

**D.  Michael's Other Arguments Challenging Other Bankruptcy Court Rulings.**

All of Michael's other arguments on appeal concern the dismissal of his prior bankruptcy cases, the denial of his First Stay Motion, the denial of his Second Stay Motion, the denial of his Stay Reconsideration Motion, and the denial of his Dismissal Reconsideration Motion.  We already have explained why the denial of his Dismissal Reconsideration Motion is beyond the scope of this appeal.[10]  The other bankruptcy court rulings referenced immediately above also are beyond the scope of this appeal.  All were final and should have been appealed (if at all) well before the bankruptcy court entered its case dismissal order.  See In re Blixseth, 684 F.3d at 866 n.1 (holding that orders concerning the automatic stay are final orders for appeal purposes).  In effect, Michael's challenge of these prior bankruptcy court orders constitutes an impermissible collateral attack on those rulings.  Alakozai v. Citizens Equity First Credit Union (In re Alakozai), 499 B.R. 698, 704 (9th Cir. BAP 2013); Heritage Pac. Fin., LLC v. Machuca (In re Machuca), 483 B.R. 726, 735-36 (9th Cir. BAP 2012); In re AVI, Inc., 389 B.R. at 731; see also Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1442 (9th Cir. 1991) (rejecting as frivolous appellant's attempted collateral attack on bankruptcy court's final, non-appealable sale order).  Thus,

---

[10] See footnote 8, supra.

15

we will not review these rulings now as part of this appeal. Even if these other rulings were within the scope of this appeal, it would be unnecessary for us to consider most of them given our affirmance of the bankruptcy court's dismissal order.  Cf. Omoto v. Ruggera (In re Omoto), 85 B.R. 98, 100 (9th Cir. BAP 1988) (holding that dismissal of underlying bankruptcy case renders moot appeal from relief from stay order).

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order dismissing Michael's chapter 11 bankruptcy case.