FILED

NOV 12 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1023-STaL |
| SHMUEL ERDE, | Bk. No. 2:18-bk-20200-VZ |
| Debtor. | |
| SHMUEL ERDE, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| THEODOR NICKOLAS BODNAR;<br>MARY LOUISA BODNAR; THE<br>BODNAR FAMILY TRUST, | |
| Appellees. | |

Argued and Submitted on October 24, 2019
at Pasadena, California

Filed – November 12, 2019

Appeal from the United States Bankruptcy Court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

for the Central District of California

Honorable  Vincent Zurzolo, Bankruptcy Judge, Presiding

_____

Appearances:      Appellant Shmuel Erde argued pro se.[**]

_____

Before: SPRAKER, TAYLOR, and LAFFERTY, Bankruptcy Judges.

Appellant Shmuel Erde, chapter 11[1] debtor, has spent the better part of the past two decades seeking redress for losses tracing back to the failure of a partnership in 1984. In this installment, he asserts that the bankruptcy court erred when it denied his motion to vacate the dismissal of the partnership's bankruptcy case. Erde also sought to consolidate the assets of the 1984 bankruptcy estate with his 2018 personal bankruptcy estate so that they could be jointly administered.

We have jurisdiction under 28 U.S.C. § 158. We review the denial of Erde's Civil Rule 60(b) motion for an abuse of discretion. *Zurich Am. Ins. Co. v. Int'l  Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 939 (9th Cir. 2007).

---

[**] None of the named appellees actively participated in this appeal. Nor did they file a response to the motion from which this appeal arises.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

Erde's saga began in 1983, when he formed a partnership with Theodor Nickolas Bodnar to redevelop an apartment building in Los Angeles. Each held their 50% partnership interest through a wholly owned corporation. In 1984, when the partnership's real estate redevelopment project failed, the partnership was put into and shortly thereafter dismissed from bankruptcy allegedly without notice to Erde. As a result of these events, Erde lost virtually everything.

Roughly 15 years later, beginning in 2001, Erde commenced a litigation campaign seeking to undo the loss of the partnership property and seeking damages from Bodnar and others. Towards these ends, Erde has filed at least six lawsuits in state and federal court, multiple bankruptcy cases, and at least nineteen adversary proceedings in the bankruptcy court. He has collected some money in two settlements but otherwise has been completely unsuccessful. All of his lawsuits have been dismissed with prejudice. Undaunted, he also filed numerous motions for post-judgment relief which similarly were denied. His appeals in these actions have failed. He has been declared a vexatious litigant in state court, in federal district court, and in the bankruptcy court.[2]

In this appeal, Erde contends that the bankruptcy court should have vacated the dismissal of the 1984 partnership case under Civil Rule

---

[2] For a comprehensive history of Erde's litigation, *see Erde v. Dye (In re Erde)*, BAP No. CC-18-1321-FLS, 2019 WL 2399708 (9th Cir. BAP June 6, 2019).

60(b)(4). He maintains that the 1984 case dismissal order violated his due process rights because he was not served with notice of the motion to dismiss or the dismissal order. He argues that, as a result, the 1984 dismissal order must be declared void, and all of the partnership rights and assets that existed as of 1984 restored.[3]

The enforcement of procedural due process rights never was meant to work like this. Erde has not invoked due process to address alleged harm resulting from defective notice surrounding the 1984 bankruptcy case. Instead, Erde seeks to evade the consequences of nearly twenty years of unsuccessful litigation. Erde's due process claim regarding the dismissal of a bankruptcy case 35 years ago is not a time machine enabling him to return back to 1984.

Erde's due process claim is an impermissible collateral attack. *See Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 704 (9th Cir. BAP 2013); *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 731 (9th Cir. BAP 2008); *see also Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.)*, 922 F.2d 1438, 1442 (9th Cir. 1991) (rejecting as frivolous appellant's attempted collateral attack on bankruptcy court's

---

[3] The apartment building the partnership sought to redevelop was foremost among the former partnership assets Erde sought to restore. But Erde and the prior state and federal decisions note that the building was "lost" shortly after the partnership's redevelopment project failed, presumably to foreclosure. Erde's papers never explained how he expected the bankruptcy court to unwind the effects of a foreclosure that occurred over thirty years ago.

final, non-appealable sale order). In 2012, Erde moved to reopen the 1984 case. He filed his motion to reopen so partnership assets could be administered by the bankruptcy court, even though those same assets had been the subject of Erde's litigation over the preceding ten years. Erde argued in 2012 that the 1984 bankruptcy case had to be reopened and the assets restored because he was deprived of notice. This is exactly the same basis he now offers in his 2018 motion to vacate the 1984 case dismissal.

In 2012, the bankruptcy court denied the motion to reopen and rejected Erde's alleged lack of notice. The court specifically found that: "I believe you knew very well, Mr. Erde, that it was dismissed." Hr'g Tr. (Dec. 12, 2012) at 6:13-14. Erde did not appeal this ruling. Having unsuccessfully asserted lack of notice in his 2012 attempt to reopen the 1984 case, Erde cannot collaterally attack that final decision.

Even if we were to reach the merits of Erde's due process claim, we would reject it. A claimant asserting a due process violation must establish that he or she was prejudiced by the defective notice. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008). Erde entirely has failed to explain how – or why – he would have prevented the 1984 case dismissal if he had been notified in time to oppose it, or how it harmed him. Indeed, the record demonstrates that Erde was far more upset by his failure to receive notice of the **filing** of the 1984 case. Erde has argued that it was the case **filing** that ended any hope of refinancing the partnership's

5

redevelopment project and that this inability to refinance directly led to his personal financial collapse. In contrast, upon the **dismissal** of the 1984 case, Erde and all other interested parties were returned as much as possible to the same respective positions they enjoyed with respect to the partnership's rights and liabilities as they existed immediately before the 1984 case was filed. *See* § 349.

The bankruptcy court appropriately denied Erde's motion to vacate the 1984 case dismissal. As a result, there was no partnership estate to jointly administer with Erde's personal bankruptcy estate. Thus, the bankruptcy court also correctly denied Erde's consolidation request.

Accordingly, we AFFIRM.