NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LAUREL BELKIN GREENSTEIN,<br><br>Debtor,<br>_____<br><br>LAUREL BELKIN GREENSTEIN,<br><br>Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, NA; et al.,<br><br>Appellees. | No.    18-56232<br><br>D.C. No. 2:17-cv-08371-ODW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Laurel Belkin Greenstein appeals pro se from the district court's order

affirming the bankruptcy court's order denying her motion to set aside foreclosure

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sale and dismissing related adversary proceedings. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court properly concluded that the issuance of the in rem order did not violate Greenstein's due process rights. *See Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (procedural due process requires "notice and an opportunity to respond in some manner"); *see also* 11 U.S.C. § 362(d)(4) (debtor in a subsequent case under this title may move for relief from an in rem order based upon changed circumstances or for good cause shown). To the extent Greenstein contends that the in rem order should be set aside because it was improperly granted, this constitutes an impermissible collateral attack on a final order. *See In re Alakozai*, 499 B.R. 698 (BAP 9th Cir. 2013) (stating that an in rem order granting relief from stay is a final order and may not be collaterally attacked).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on reply. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

We reject as without merit Greenstein's contentions that the district court

violated her right to privacy or otherwise acted improperly in responding to her request for in forma pauperis status on appeal.

Appellee Wells Fargo's request for summary affirmance, set forth in its answering brief, is denied as moot.

**AFFIRMED.**

18-56232